**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| TERI DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 5:19-cv-06022 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| EDWARD BEARDEN, | ) | |
| ELIJAH L. MOSIER, | ) | |
| TODD E. MUSTAIN, | ) | |
| KEVIN L. REED, | ) | |
| All named individuals in their Individual | ) | |
| Capacities, and | ) | |
| ANNE L. PRECYTHE, | ) | |
| Director of the Missouri Department | ) | |
| of Corrections, in her Individual and | ) | |
| Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT KEVIN L. REED'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Kevin L. Reed, by his attorneys, as and for his answer and affirmative defenses to the First Amended Complaint of plaintiff Teri Dean, states as follows.

Any facts not expressly and specifically admitted in the answers below are hereby denied.

Defendant Reed answers in good faith to the best of his knowledge, based on a reasonable investigation to date. Defendant Reed continues to investigate and reserves the right to amend his answer and affirmative defenses as investigation continues through the discovery process.

## PRELIMINARY STATEMENT

1.       Plaintiff Teri Dean ("Plaintiff") was harassed, abused and sexually assaulted by Defendant Corrections Officers Edward Bearden, Elijah L. Mosier, Todd E. Mustain and Kevin L. Reed (collectively, "Defendant Corrections Officers" or "the Defendant Corrections Officers"). This harassment, abuse, and sexual assault all occurred while Plaintiff was confined at the Chillicothe Correctional Center, a women's prison in Missouri, between June 2012 and October 2018. Defendant Anne L. Precythe and other prison officials knew or should have known that the Defendant Corrections Officers were sexually assaulting Plaintiff and did nothing to prevent or stop the attacks. Plaintiff has suffered severe physical and emotional trauma due to the actions of

1

Defendants Edward Bearden, Elijah L. Mosier, Todd E. Mustain, Kevin L. Reed, and Anne L. Precythe ("Defendants" or "all Defendants").

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

2. Plaintiff brings this action pursuant to 42 U.S.C §1983, seeking compensatory damages and punitive damages against all Defendants for violations of her constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**ANSWER:** Defendant Reed admits that Plaintiff attempts to bring this action

pursuant to 42 U.S.C. §1983 and that Plaintiff also seeks reasonable attorney's fees and costs

pursuant to 42 U.S.C. §1988. Defendant Reed denies the remaining allegations in this

paragraph.

3. Plaintiff also seeks injunctive relief under 18 U.S. Code § 3626.

**ANSWER:** Defendant Reed admits that Plaintiff attempts to obtain injunctive relief

under the cited statute, but denies the remaining allegations in this paragraph.

4. Plaintiff asserts various supplemental state law claims against each individual defendant.

**ANSWER:** Defendant Reed admits that Plaintiff attempts to bring various state law

claims against the individual defendants, but denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

5. Jurisdiction of the Court is properly invoked pursuant to federal question jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforementioned statutory provisions.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no

response is required. To the extent a response is required, Defendant Reed denies the

allegations in this paragraph.

6. Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. § 1988.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no

response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

7.    Venue is proper pursuant to 28 U.S.C. §1391(b)(2). All actions alleged herein occurred in Chillicothe, Missouri, which is located in the Western District of Missouri.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

## **PARTIES**

8.    Plaintiff was at all relevant times an inmate of the Chillicothe Correctional Center, a women's prison run by the State of Missouri Department of Corrections.

**ANSWER:** Defendant Reed admits the Chillicothe Correctional Center is a women's prison run by the State of Missouri Department of Corrections, but lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies them.

9.    Defendant Edward Bearden (hereinafter "Bearden" or "Defendant Bearden") was at all relevant times a Corrections Officer at the Chillicothe Correctional Center. Defendant Bearden ceased working at the Chillicothe Correctional Center in August 2018. Defendant Bearden is sued in his individual capacity.

**ANSWER:** Defendant Reed admits Bearden is sued in his individual capacity but lacks knowledge sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies them.

10.    Defendant Elijah L. Mosier (hereinafter "Mosier" or "Defendant Mosier") was at all relevant times a Sergeant at the Chillicothe Correctional Center. Upon information and belief, Defendant Mosier is still employed at the prison. Defendant Mosier is sued in his individual capacity.

**ANSWER:** Defendant Reed admits Elijah L. Mosier is sued in his individual capacity but lacks knowledge sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies them.

11.    Defendant Todd E. Mustain (hereinafter "Mustain" or "Defendant Mustain")

was at all relevant times a Corrections Officer at the Chillicothe Correctional Center. Upon information and belief, Defendant Mustain is still employed at the prison. Defendant Mustain is sued in his individual capacity.

**ANSWER:** Defendant Reed admits Todd E. Mustain is sued in his individual capacity but lacks knowledge sufficient to form a belief as to the remaining allegations in this paragraph and, therefore, denies them.

12. Defendant Kevin L. Reed (hereinafter "Reed" or "Defendant Reed") was at all relevant times a Corrections Officer at the Chillicothe Correctional Center. Upon information and belief, Defendant Reed is no longer employed at the prison and was escorted out of the prison in late-September or early-October 2018. Defendant Reed is sued in his individual capacity.

**ANSWER:** Defendant Reed admits that he was a Corrections Officer at the Chillicothe Correctional Center until October 2018, that he is no longer employed there, and that he is being sued in his individual capacity. Defendant Reed denies the remaining allegations in this paragraph.

13. Defendant Anne L. Precythe (hereinafter "Precythe" or "Defendant Precythe") has been the Director of the Department of Corrections in the State of Missouri since February 9, 2017. Upon information and belief, Precythe is still the Missouri Director of the Department of Corrections. Defendant Precythe is sued in her individual and official capacities.

**ANSWER**: Defendant Reed admits that Precythe is being sued in her individual and official capacities, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies them.

## FACTS

14. Plaintiff was at the Chillicothe Correctional Center between June 2012 and October 2018.

**ANSWER:** Defendant Reed admits Plaintiff was incarcerated at the Chillicothe Correctional Center, but lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

15. In October 2018, Plaintiff was transferred to Women's Eastern Reception,

Diagnostic and Correctional Center in Vandalia, Missouri ("Vandalia").

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

16. Approximately fifteen years of Plaintiff's sentence remain.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

17. Plaintiff has routinely been subjected to horrific sexual misconduct by each of the Defendant Corrections Officers during her time at the Chillicothe Correctional Center.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

18. When Plaintiff finally felt safe enough to risk reporting the Defendant Corrections Officers' behavior, she experienced retaliation for her reports.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

19. On at least two occasions, Plaintiff has suffered retaliation during visits with her minor son. During one visit with her son Plaintiff was pulled away for an "appointment" by someone she had never seen before even though she was in the middle of her son's visit. On a different occasion, she missed her son's visit entirely because she was put in "the hole," which is the term for solitary confinement (a form of punishment for prisoners which deprives them of various privileges, including freedom to move within the prison and visits from family), for accidentally switching her phone call.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

20. Plaintiff was continuously retaliated against by being put in "the hole" on several occasions for occurrences that would otherwise not warrant this punishment.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

21. After Plaintiff reported Defendant Corrections Officers' inappropriate conduct, the Chillicothe Correctional Center listened to Plaintiff's phone calls and opened her mail. Even when Plaintiff received appropriately marked "legal mail," her mail was routinely opened without her permission. Plaintiff's mail had also been significantly delayed in reaching her.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

22. After a trip to "the hole" for a "drug investigation" in July 2018, Plaintiff was not given her barbershop job back. This is despite the fact that she was put in "the hole" three

separate times previously and was always given her job back.

      **ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

23.      Plaintiff's personal pictures were also damaged, and coffee was spilled all over Plaintiff's possessions, all while she was in "the hole."

      **ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

24.      In an alarming example of the retaliation Plaintiff has suffered, Plaintiff's personal calendar and journals were taken from her room and destroyed while she was in "the hole" for a "drug investigation." Other inmates at Chillicothe Correctional Center reported that the prison officers went through Plaintiff's property for approximately three hours. This calendar and these journals contained details of Defendant Corrections Officers' inappropriate conduct that Plaintiff has suffered during her time at the Chillicothe Correctional Center.

      **ANSWER:**  Defendant Reed denies the allegations in this paragraph.

25.      Even Plaintiff's health has been the subject of pointed retaliation. Despite the fact that Plaintiff has Crohn's disease and must take medication every day, her Crohn's medication has been withheld from her.

      **ANSWER:**  Defendant Reed denies the allegations in this paragraph.

26.      After coming forward, Plaintiff was abruptly transferred from Chillicothe to Vandalia in October 2018 while her attackers, namely Defendant Moiser and Defendant Mustain, remained employed at the Chillicothe Correctional Center.

      **ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

27.      Defendant Bearden's assaults of Plaintiff occurred from June 2012 through July 2018.

      **ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

28.      Plaintiff was subjected to physical abuse by Defendant Bearden during her shifts at the barbershop as well between June 2013 and July 2018.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

29. On multiple occasions while Plaintiff cut Bearden's hair, Bearden would grope Plaintiff inappropriately. Bearden would also run his hands up Plaintiff's legs and rub his head in between her breasts. On at least two of these occasions, both in 2015, Plaintiff tried to prevent Bearden from groping her by cutting him with scissors. Both instances drew blood, but Bearden did not report Plaintiff either time.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

30. Defendant Bearden inappropriately groped Plaintiff every single time Plaintiff cut Bearden's hair.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

31. Defendant Bearden also forcefully sexually assaulted Plaintiff in other areas of the prison, namely in the utility closet in Seven House and the utility closet in the recreation ("rec") building. When Plaintiff went to put towels away, for example, Bearden followed her into the closet and pushed her up against the wall. Bearden attempted to slide his hands up inside Plaintiff's shirt on multiple occasions.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

32. Defendant Bearden repeatedly assaulted Plaintiff in this manner in the utility closet in the rec building eight to ten times.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

33. Defendant Bearden repeatedly assaulted Plaintiff in this manner in the utility closet on Seven House four to five times.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

34. In addition to grouping Plaintiff in the barbershop and in utility closets,

Bearden conducted pat downs that were overly-violating between July 2012 and 2015, when Chillicothe Correctional Center finally banned cross-gender pat-downs.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

35. Specifically, Bearden began to regularly engage in overly-violating pat downs of Plaintiff while she was leaving the cafeteria. These pat downs were inappropriate, unwanted, and uncomfortable for Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

36. Defendant Bearden picked and chose women upon which he conducted overly-violating pat downs as they left the cafeteria. Bearden would frisk Plaintiff, and other women, so intrusively that he could tell if they were wearing a tampon or pad.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

37. Prior to implementation of the Prison Rape Elimination Act, in 2003, and more specifically prior to the Act's banning of cross-gender pat downs, in 2015, cross-gender pat downs were common occurrences at the Chillicothe Correctional Center.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

38. Defendant Bearden's overly-violating pat downs ended after the Chillicothe Correctional Center was prohibited from permitting cross-gender pat downs.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

39. Defendant Bearden also made inappropriate sexual gestures that were directed at Plaintiff while she was working in the barbershop. Defendant Bearden gestured more than once at his groin area and described the length of his penis to Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

40.     Whenever Defendant Bearden sat in the "bubble" of the hallway, a control center manned by the prison guards, he told Plaintiff to "come touch this" and gestured at his penis. Bearden also inappropriately directed Plaintiff to "look at my bulge." These inappropriate sexual comments were made every time Bearden sat in the "bubble."

   **ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

41.     Defendant also Bearden also verbally assaulted Plaintiff between June 2012 and July 2018.

   **ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

42.     During Plaintiff's shifts at the barbershop, Defendant Bearden directed sexually aggressive comments at Plaintiff. These comments included the following: "My boys are shaven" and "I have a man cut down there."

   **ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

43.     During Plaintiff's shifts at the barbershop, Defendant Bearden made unsolicited, sexually suggestive comments to Plaintiff. These comments included, "You look sexy today" and "I would like to pull your hair."

   **ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

44.     In "reward" for his conduct, Bearden presented Plaintiff with confiscated items, such as colored pencils; however, Plaintiff refused all of Bearden's attempts at giving her these "gifts."

   **ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

45.     Plaintiff was physically and emotionally injured by Defendant Bearden's attacks.

   **ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

46.     All of the actions of Defendant Bearden were without the consent of Plaintiff, were offensive, unwanted and unwelcome, and caused Plaintiff's serious emotional and physical harm.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

47.     All of Defendant Bearden's actions were done under color of state law.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.

48.     Defendant Mosier's assaults of Plaintiff occurred from 2013, when Plaintiff was moved to Seven House, through October 2018, when Plaintiff was transferred to Vandalia.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

49.     Defendant Mosier both verbally and physically assaulted Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

50.     Defendant Mosier's physical assaults of Plaintiff began in early-2014, when Plaintiff started the midnight shift at the barbershop, and continued through July/August 2018.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

51.     Mosier pushed Plaintiff up against walls, pushed up against her, and rubbed his hands all over her.  Mosier also stuck his hands down Plaintiff's pants and proceeded to kiss her.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

52.     Mosier attacked and assaulted Plaintiff in the utility closet in One House ("the hole"), the laundry room/storage area in One House ("the hole"), the utility closet in Seven House, and the laundry room in Seven House.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

53. Defendant Mosier has repeatedly attacked and assaulted Plaintiff between twenty and thirty times.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

54. Ten to twelve of Defendant Moiser's physical assaults on Plaintiff included digital penetration with two fingers.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

55. When Defendant Mosier sexually accosted Plaintiff, she feared to push him off because he was a higher-ranking sergeant within the Chillicothe Correctional Center. During each of the sexual assaults, Plaintiff was concerned that pushing Mosier away could result in him wielding his high rank to punish Plaintiff by placing her in "the hole," destroying her room, or having her possessions taken from her room.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

56. Defendant Mosier's verbal assaults on Plaintiff began in 2013, when Plaintiff was moved to 7 House, and continued through October 2018, when Plaintiff was transferred to Vandalia.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

57. Specifically, Mosier made sexually suggestive comments directed at Plaintiff and frequently watched Plaintiff dress and undress. Defendant Mosier would say things like, "Let me see your boobs," and "I'll be by your room at 7:15."

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

58. Plaintiff never accepted presents from Defendant Mosier; however, Plaintiff's roommate at one time accepted benefits and presents from Defendant Mosier. In turn, Mosier

would "write off their room" so that it would not be searched.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

59.     The Chillicothe Correctional Center was alerted about the relationship between
Mosier and another offender. The other offender denied the existence of any such relationship
with Mosier when the Chillicothe Correctional Center investigated the tip, but the other
offender continued to tell Plaintiff the details of her relationship with Mosier up through early-
October 2018 when Plaintiff left the Chillicothe Correctional Center.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

60.     Upon information and belief, Defendant Mosier has also assaulted three to four
other women offenders currently incarcerated at the Chillicothe Correctional Center and
continues to do so today violating federal and state law.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

61.     Plaintiff was physically and emotionally injured by Defendant Mosier's attacks.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of

the allegations in this paragraph and, therefore, denies them.

62.     All of the actions of Defendant Mosier were without the consent of Plaintiff,
were offensive, unwanted and unwelcome, and caused Plaintiff serious emotional and physical
harm.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

63.     All of Defendant Mosier's actions were done under color of state law.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response

is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to

form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies

them.

64.     Defendant Mustain's assaults of Plaintiff occurred between late-2012, when Plaintiff was moved to Six House, and August 2018, when Plaintiff was last in "the hole" at Chillicothe Correctional Center.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

65.     Defendant Mustain has both physically and verbally abused Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

66.     Physically, Mustain followed Plaintiff into utility closets in Five House, Six House and Seven House, and rubbed Plaintiff's private parts over her clothes and attempted to kiss her.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

67.     Defendant Mustain repeatedly attacked and assaulted Plaintiff four to five times.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

68.     Utility closets were areas known by Defendant Mustain to be devoid of any security cameras.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

69.     Verbally, Defendant Mustain directed sexually explicit comments at Plaintiff, such as, "I've been waiting to see what you looked like down there since you got here."

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

70.     Upon information and belief, Mustain also had a "voluntary relationship" with another offender who was later transferred to Vandalia after an investigation into her

relationship with Mustain. Mustain's actions with this other offender went without punishment.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

71.     Upon information and belief, Mustain has been under investigation several times for over-familiarizing himself with offenders.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

72.     At one point, Mustain was moved from the Six House to the 2 House (mental health house) in 2018, presumably to remove him from contact with certain offenders.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

73.     Upon information and belief, Defendant Mustain continues to sexually assault women at the Chillicothe Correctional Center thereby continuously violating federal and state law.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

74.     Plaintiff was physically and emotionally injured by Defendant Mustain's attacks.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

75.     All of the actions of Defendant Mustain were without the consent of Plaintiff, were offensive, unwanted and unwelcome, and caused Plaintiff serious emotional and physical harm.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

76.     All of Defendant Mustain's actions were done under color of state law.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response

is required. To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

77. Reed's assaults of Plaintiff occurred in December 2017.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

78. Upon information and belief, Reed worked in the prison kitchen in December 2017.

**ANSWER:** Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

79. Upon information and belief, Reed was escorted out of the Chillicothe Correctional Center in late-September or early-October 2018.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

80. Reed both verbally and physically assaulted Plaintiff in a sexual manner while Plaintiff worked in the kitchen, on the 4:00 a.m. – 10:00 a.m. shift, in December 2017.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

81. Reed verbally and physically assaulted Plaintiff in this sexual manner every day Plaintiff worked in December 2017.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

82. Reed routinely called Plaintiff into the kitchen solely so he could rub himself inappropriately against Plaintiff's body. Reed physical assaults also resulted in him grabbing Plaintiff's breasts over her clothing. These physical assaults also occurred in the kitchen's chemical closet.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

83. Reed also made sexually aggressive comments and gestures to Plaintiff. On various occasions, Reed said, "I want to bend you over this desk," "I'd like you to get on top of me and sit on me," and "I'd like to get you on the office desk." On more than one occasion, Reed would brandish a banana, cucumber or a carrot and say that he was "bigger than that," referring to the size of his penis.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

84. Plaintiff was physically and emotionally injured by Defendant Reed attacks.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

85. All of the actions of Defendant Reed were without the consent of Plaintiff, were offensive, unwanted and unwelcome, and caused Plaintiff serious emotional and physical harm.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

86. All of Defendant Reed's actions were done under color of state law.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

87. Defendant Precythe has been the Director of the Department of Corrections in the State of Missouri since February 9, 2017.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

88. On May 29, 2018, a lawsuit was filed against Defendant Bearden alleging sexual assaults. Two more lawsuits with the same or similar allegations were filed shortly thereafter.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

89. By June 2, 2018, local and national newspapers highlighted that a Missouri prison guard had been sued three times, in federal court, for sexually assaulting "numerous female inmates at the Chillicothe Correctional Center."

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

90. Defendant Precythe knew or should have known, by at least June 2018, about Defendant Bearden's propensity to engage in sexual behaviors with offenders at the Chillicothe Correctional Center.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

91.     Upon information and belief, Precythe knew or should have known that Bearden was sexually assaulting Plaintiff. It was Precythe's duty to discover and prevent sexual assaults  of offenders at all Missouri penal institutions. All of Defendant Precythe's actions were done under color of state law.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

92.     Defendant Precythe allowed Defendant Bearden to remain at the Chillicothe Correctional Center though August 2018.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and therefore denies the same.

93.     Defendant Precythe allowed Defendant Bearden to continue having direct contact with the woman offenders at the Chillicothe Correctional Center though August 2018.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

94.     Upon information and belief, Precythe knew or should have known that Mosier was also sexually assaulting Plaintiff. It was Precythe's duty to discover and prevent sexual assaults  of offenders at all Missouri penal institutions. All of Defendant Precythe's actions were done under color of state law.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

95.     Upon information and belief, Precythe knew or should have known that Mustain was also sexually assaulting Plaintiff. It was Precythe's duty to discover and prevent sexual assaults of offenders at all Missouri penal institutions. All of Defendant Precythe's actions were done under color of state law.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations in this paragraph and, therefore, denies them.

96.     Upon information and belief, Precythe knew or should have known that Reed was sexually assaulting or had sexually assaulted Plaintiff. It was Precythe's duty to discover and prevent sexual assaults of offenders at all Missouri penal institutions.  All of Defendant

Precythe's actions were done under color of state law.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

97.     Defendant Precythe's actions and inactions allowed Plaintiff to suffer continuous and repeated sexual assaults while incarcerated at the Chillicothe Correctional Center.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

98.     Defendant Precythe's actions and inactions allowed and continue to allow the Chillicothe Correctional Center to run as it does: allowing and encouraging continuous and repeated sexual assaults to occur to other woman offender's currently incarcerated at the Chillicothe Correctional Center.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## <u>Plaintiff's Designation of Section 1983 Claims</u>

### Count I – Plaintiff's Designation

99.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 98 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 98 as though fully set forth herein.

100.     Bearden, at all relevant times, acted under color of state law.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

101.     The acts and conduct of Bearden were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form of violent bodily intrusion.

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no

response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

102.    As a direct and proximate result of the acts and conduct of Bearden, Plaintiff suffered serious bodily pain, injury, and emotional distress.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

103.    The acts and conduct of Bearden were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

## Count II- Plaintiff's Designation

104.    Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 98 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates his answers to paragraphs 1 through 98 as though fully set forth herein.

105.    Mosier, at all relevant times, acted under color of state law.

**ANSWER:**  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore denies them.

106.    The acts and conduct of Mosier were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form of violent bodily intrusion.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no

response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

107.    As a direct and proximate result of the acts and conduct of Mosier, Plaintiff suffered serious bodily pain, injury, and emotional distress.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

108.    The acts and conduct of Mosier were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

### Count III – Plaintiff's Designation

109.    Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 98 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates his answers to paragraphs 1 through 98 as though fully set forth herein.

110.    Mustain, at all relevant times, acted under color of state law.

**ANSWER:**  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

111.    The acts and conduct of Mustain were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form of violent bodily intrusion.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no

response is required. To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

112.    As a direct and proximate result of the acts and conduct of Mustain, Plaintiff suffered serious bodily pain, injury, and emotional distress.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

113.    The acts and conduct of Mustain were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

### Count IV – Plaintiff's Designation

114.    Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 98 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates his answers to the allegations set forth in paragraphs 1 through 98 as though fully set forth herein.

115.    Reed, at all relevant times, acted under color of state law.

**ANSWER:**  The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

116.    The acts and conduct of Reed were calculated to and did deprive Plaintiff of her clearly established right to be free from cruel and unusual punishment in the form of violent bodily intrusion.

**ANSWER:**    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies the

allegations in this paragraph.

117.　　As a direct and proximate result of the acts and conduct of Reed, Plaintiff suffered serious bodily pain, injury, and emotional distress.

**ANSWER:**　The allegations in this paragraph are legal conclusions to which no response is required.　To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

118.　　The acts and conduct of Reed were committed unlawfully, intentionally, and with malice or reckless disregard for the rights of Plaintiff.

**ANSWER:**　The allegations in this paragraph are legal conclusions to which no response is required.　To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

### Count V – Plaintiff's Designation

119.　　Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 98 above as fully set forth herein.

**ANSWER:**　Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 98 as though fully set forth herein.

120.　　At all relevant times, Precythe was acting under color of state law.

**ANSWER:**　The allegations in this paragraph are legal conclusions to which no response is required.　To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore denies them.

121.　　At all relevant times, Precythe was performing governmental functions.

**ANSWER:**　The allegations in this paragraph are legal conclusions to which no response is required.　To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and,

therefore, denies them.

122.     Precythe was responsible for the prevention of sexual violence against offenders in Missouri's correctional facilities, and through her acts and omissions, facilitated the sexual abuse of Plaintiff.

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

123.     By her policies, practices, acts and omissions, Precythe caused Plaintiff to be subjected to sexual assaults in violation of her rights under the Eighth Amendment.

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

124.     Upon information and belief, Precythe was specifically aware of widespread allegations of sexual misconduct at Missouri penal institutions.

**ANSWER:**     Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

125.     Upon information and belief, Precythe was specifically aware of allegations of sexual misconduct by Bearden prior to and during the course of his abuse of Plaintiff.

**ANSWER:**     Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

126.     Upon information and belief, Precythe was specifically aware of allegations of sexual misconduct by Mosier prior to and during the course of his abuse of Plaintiff.

**ANSWER:**     Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

127.     Upon information and belief, Precythe was specifically aware of allegations of sexual misconduct by Mustain prior to and during the course of his abuse of Plaintiff.

**ANSWER:**     Defendant Reed lacks knowledge sufficient to form a belief as to the

allegations in this paragraph and, therefore, denies them.

128.     Upon information and belief, Precythe was specifically aware of allegations of sexual misconduct by Reed prior to and during the course of his abuse of Plaintiff.

**ANSWER:**  Defendant Reed denies the allegations in this paragraph.

129.     Defendant Precythe knew that staff who rape and sexually abuse inmates routinely utilize physical areas outside the view of monitored security cameras and other staff.

**ANSWER:**     Defendant Reed lacks knowledge sufficient to form a belief as to the

allegations in this paragraph and, therefore, denies them.

130.     Defendant Precythe failed to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated inmates by corrections officers.

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no

response is required.  To the extent a response is required, Defendant Reed lacks knowledge

sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and,

therefore, denies them.

131.     The pattern of sexual abuse by prison staff and the failure or refusal of Defendant Precythe to operate, supervise, maintain and control its operations properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorized the abuse of Plaintiff.

**ANSWER:**     The allegations in this paragraph are legal conclusions to which no response

is required.  To the extent a response is required, Defendant Reed denies the allegations in this

paragraph.

132.     The customs, policies, usages, practices, and procedures of Precythe constituted deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff and were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

133. The customs, policies, usages, practices, and procedures of Defendant Precythe were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

134. Precythe has failed and continues to fail to protect Plaintiff from known and serious harm and has placed Plaintiff at the risk of irreparable harm where Defendant Mosier and Defendant Mustain remain employed by the Missouri Department of Corrections.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the allegations in this paragraph and, therefore, denies them.

135. Precythe knew of or consciously disregarded the obvious risk of the constitutional harms perpetrated against Plaintiff and failed to intervene, mitigate, or stop the events.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

136. Due to Precythe's practices and policies aforesaid, the Plaintiff suffered and continues to suffer physical, psychological and emotional injuries, pain, and suffering.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

### Plaintiff's Designation of Missouri State Law Claims

### Count VI – Plaintiff's Designation

137. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

138. Defendants Precythe, Bearden, Mosier, Mustain, and Reed ("Defendants")

owed a duty of care to Plaintiff during the times she was in the care and control of Defendants.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required and denies that he breached any duty of care. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

139.     Defendants breached this duty of care to Plaintiff by failing to protect her from sexual abuse and harassment.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

140.     As a direct and proximate result of Defendants' breach, Plaintiff suffered physical injury and emotional distress.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

### Count VII – Plaintiff's Designation

141.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

142.     Between June 2012 and July 2018, Defendant Bearden made offensive comments and gestures towards Plaintiff with intent to cause Plaintiff bodily harm, offensive contact, and apprehension of bodily harm and offensive contact.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

143.     Defendant Bearden was in the apparent present ability to effectuate these attempts.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

144.     Defendant Bearden's attempts were unwanted, unlawful and unjustified.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

145.     As a direct and proximate result of Defendant Bearden's attempts, Plaintiff was continuously caused to suffer great bodily harm, physical injuries, mental pain, and anguish.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

### Count VIII – Plaintiff's Desingation

146.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

147.     Between June 2012 and July 2018, Defendant Bearden intentionally assaulted and touched Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

148.     Defendant Bearden's actions were unwanted, unlawful and unjustified.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

149.     Defendant Bearden's contact with Plaintiff was offensive and intended to place Plaintiff in apprehension of bodily harm.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

150.     The touching by Defendant Bearden was offensive because it offended a

reasonable sense of personal dignity.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

151.     As a direct and proximate result of Defendant Bearden's batteries upon Plaintiff, Plaintiff was caused to suffer great bodily harm, physical injury, and mental pain and suffering.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

### Count IX – Plaintiff's Designation

152.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraph 1 through 136 above as though fully set forth herein.

153.     By and through the enactment of Section 566.145 of the Missouri Revised Statutes, the State of Missouri has proscribed all sexual contact with incarcerated individuals by staff working within a correctional facility.

**ANSWER:**   The allegations in this paragraph are legal conclusions to which no response is required.

154.     Plaintiff is a member of the class of individuals protected by Section 566.145.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

155.     Defendant Bearden's actions violated the statute, directly and proximately resulting in injuries to Plaintiff of the exact nature intended to be prevented by the statute.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to

form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies them.

### Count X – Plaintiff's Designation

156.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

157.     In addition to repeated sexual assaults, Defendant Bearden used his position of trust and control within the Chillicothe Corrections Center to humiliate and degrade Plaintiff.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

158.     Defendant Bearden's conduct was intentional and his objective was to cause extreme emotional distress to Plaintiff.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

159.     Defendant Bearden's conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

160.     Defendant Bearden's conduct caused severe emotional distress to Plaintiff and this emotional distress resulted in bodily harm and mental anguish.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

### Count XI – Plaintiff's Designation

161.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

162.     Between 2013 and July 2018, Defendant Mosier made offensive comments and gestures towards Plaintiff with intent to cause Plaintiff bodily harm, offensive contact, and apprehension of bodily harm and offensive contact.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

163.     Defendant Mosier was in the apparent present ability to effectuate these attempts.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

164.     Defendant Mosier's attempts were unwanted, unlawful and unjustified.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

165.     As a direct and proximate result of Defendant Mosier's attempts, Plaintiff was continuously caused to suffer great bodily harm, physical injuries, mental pain, and anguish.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

## Count XII – Plaintiff's Designation

166.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWERS:** Defendant Reed incorporates his answers to paragraphs 1 through 136 as though fully set forth herein.

167.     Between early-2014 and July/August 2018, Defendant Mosier intentionally assaulted and touched Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

168.     Defendant Mosier's actions were unwanted, unlawful and unjustified.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

169.     Defendant Mosier's contact with Plaintiff was offensive and intended to place Plaintiff in apprehension of bodily harm.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

170.     The touching by Defendant Mosier was offensive because it offended a reasonable sense of personal dignity.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

171.     As a direct and proximate result of Defendant Mosier's batteries upon Plaintiff, Plaintiff was caused to suffer great bodily harm, physical injury, and mental pain and suffering.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

### Count XIII – Plaintiff's Designation

172.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to paragraphs 1 through 136 as though fully set forth herein.

173.     By and through the enactment of Section 566.145 of the Missouri Revised Statutes, the State of Missouri has proscribed all sexual contact with incarcerated individuals by staff working within a correctional facility.

**ANSWERS:** The allegations in this paragraph are legal conclusions to which no response is required.

174.     Plaintiff is a member of the class of individuals protected by Section 566.145.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

175. Defendant Mosier's actions violated the statute, directly and proximately resulting in injuries to Plaintiff of the exact nature intended to be prevented by the statute.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

### Count XIV – Plaintiff's Designation

176. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to paragraphs 1 through 136 as though fully set forth herein.

177. In addition to repeated sexual assaults, Defendant Mosier used his position of trust and control within the Chillicothe Corrections Center to humiliate and degrade Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

178. Defendant Mosier's conduct was intentional and his objective was to cause extreme emotional distress to Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

179. Defendant Mosier's conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

180.    Defendant Mosier's conduct caused severe emotional distress to Plaintiff and this emotional distress resulted in bodily harm and mental anguish.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

### Count XV – Plaintiff's Designation

181.    Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates his answers to paragraphs 1 through 136 as

though fully set forth herein.

182.    Between 2013 and 2018, Defendant Mustain made offensive comments and gestures towards Plaintiff with intent to cause Plaintiff bodily harm, offensive contact, and apprehension of bodily harm and offensive contact.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

183.    Defendant Mustain was in the apparent present ability to effectuate these attempts.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of

the allegations set forth in this paragraph and therefore denies the same.

184.    Defendant Mustain's attempts were unwanted, unlawful and unjustified.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of

the allegations set forth in this paragraph and therefore denies the same.

185.    As a direct and proximate result of Defendant Mustain's attempts, Plaintiff was continuously caused to suffer great bodily harm, physical injuries, mental pain, and anguish.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

## Count XVI – Plaintiff's Designation

186.    Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates his answers to paragraphs 1 through 136 as though fully set forth herein.

187.    Between 2013 and 2018, Defendant Mustain intentionally assaulted and touched Plaintiff.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

188.    Defendant Mustain's actions were unwanted, unlawful and unjustified.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

189.    Defendant Mustain's contact with Plaintiff was offensive and intended to place Plaintiff in apprehension of bodily harm.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

190.    The touching by Defendant Mustain was offensive because it offended a reasonable sense of personal dignity.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

191.    As a direct and proximate result of Defendant Mustain's batteries upon Plaintiff, Plaintiff was caused to suffer great bodily harm, physical injury, and mental pain and suffering.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

## Count XVII – Plaintiff's Designation

192.    Plaintiff incorporates and adopts by reference each and every allegation set forth

in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to paragraphs 1 through 136 as though fully set forth herein.

193.     By and through the enactment of Section 566.145 of the Missouri Revised Statutes, the State of Missouri has proscribed all sexual contact with incarcerated individuals by staff working within a correctional facility.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.

194.     Plaintiff is a member of the class of individuals protected by Section 566.145.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

195.     Defendant Mustain's actions violated the statute, directly and proximately resulting in injuries to Plaintiff of the exact nature intended to be prevented by the statute.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

### Count XVIII – Plaintiff's Designation

196.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to paragraphs 1 through 136 as though fully set forth herein.

197.     In addition to repeated sexual assaults, Defendant Mustain used his position of trust and control within the Chillicothe Corrections Center to humiliate and degrade Plaintiff.

**ANSWER:** Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

198.    Defendant Mustain's conduct was intentional and his objective was to cause extreme emotional distress to Plaintiff.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

199.    Defendant Mustain's conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

200.    Defendant Mustain's conduct caused severe emotional distress to Plaintiff and this emotional distress resulted in bodily harm and mental anguish.

**ANSWER:**  Defendant Reed lacks knowledge sufficient to form a belief as to the truth

of the allegations set forth in this paragraph and therefore denies the same.

### Count XIX – Plaintiff's Designation

201.    Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates his answers to paragraphs 1 through 136 as

though fully set forth herein.

202.    In December 2017, Defendant Reed made offensive comments and gestures towards Plaintiff with intent to cause Plaintiff bodily harm, offensive contact, and apprehension of bodily harm and offensive contact.

**ANSWER:**  Defendant Reed denies the allegations in this paragraph.

203.    Defendant Reed was in the apparent present ability to effectuate these attempts.

**ANSWER:**  Defendant Reed denies the allegations in this paragraph.

204.    Defendant Reed's attempts were unwanted, unlawful and unjustified.

**ANSWER:**  Defendant Reed denies the allegations in this paragraph.

205.     As a direct and proximate result of Defendant Reed's attempts, Plaintiff was continuously caused to suffer great bodily harm, physical injuries, mental pain, and anguish.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

### Count XIX – Plaintiff's Designation

206.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

207.     In December 2017, Defendant Reed intentionally assaulted and touched Plaintiff.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

208.     Defendant Reed's actions were unwanted, unlawful and unjustified.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

209.     Defendant Mustain's contact with Plaintiff was offensive and intended to place Plaintiff in apprehension of bodily harm.

**ANSWER:** Defendant Reed denies that he ever sexually assaulted, harassed, or abused Plaintiff or otherwise caused her the injuries alleged in the complaint.  As to the remaining allegations in this paragraph, Defendant Reed lacks knowledge sufficient to form a belief as to their truth and therefore denies the same.

210.     The touching by Defendant Reed was offensive because it offended a reasonable sense of personal dignity.

**ANSWER:** Defendant denies the allegations in this paragraph.

211.     As a direct and proximate result of Defendant Reed's batteries upon Plaintiff, Plaintiff was caused to suffer great bodily harm, physical injury, and mental pain and suffering.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

### Count XXI – Plaintiff's Designation

212.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to paragraphs 1 through 136 as though fully set forth herein.

213.     By and through the enactment of Section 566.145 of the Missouri Revised Statutes, the State of Missouri has proscribed all sexual contact with incarcerated individuals by staff working within a correctional facility.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.

214.     Plaintiff is a member of the class of individuals protected by Section 566.145.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

215.     Defendant Mustain's actions violated the statute, directly and proximately resulting in injuries to Plaintiff of the exact nature intended to be prevented by the statute.

**ANSWER**:     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed lacks knowledge sufficient to form a belief as to their truth and therefore denies the same.

### Count XXII – Plaintiff's Desgination

216.     Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1 through 136 as though fully set forth herein.

217.     In addition to repeated sexual assaults, Defendant Reed used his position of trust and control within the Chillicothe Corrections Center to humiliate and degrade Plaintiff.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

218.     Defendant Reed's conduct was intentional and his objective was to cause extreme emotional distress to Plaintiff.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

219. Defendant Reed's conduct was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

220. Defendant Reed's conduct caused severe emotional distress to Plaintiff and this emotional distress resulted in bodily harm and mental anguish.

**ANSWER:** Defendant Reed denies the allegations in this paragraph.

### Count XXIII – Plaintiff's Designation

221. Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:** Defendant Reed incorporates his answers to the allegations in paragraphs 1

through 136 above as though fully set forth herein.

222. Defendant Precythe owed Plaintiff and others a duty to take reasonable steps to ensure Plaintiff and others are not repeatedly sexually assaulted while incarcerated.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no

response is required.

223. Defendant Precythe owed Plaintiff a duty to protect her and keep her safe from being sexually assaulted.

**ANSWER:** The allegations in this paragraph are legal conclusions to which no

response is required.

224. Defendant Precythe breached her duty of care and was thereby negligent in that she:
> a. Failed to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated offenders by Correctional Officers at the Chillicothe Correctional Center;
> b. Failed to ensure security cameras were installed in all areas of the Chillicothe Correctional Center;
> c. Failed to ensure security cameras were watched at the Chillicothe Correctional Center to prevent officers from going into areas with offenders alone;
> d. Failed to remove Defendant Bearden from Chillicothe Correctional Center at any time after federal lawsuits were pending against him alleging sexual behaviors,

specifically assaults, with/on offenders;

      e.    Allowed Defendant Bearden to continue working at Chillicothe Correctional Center with direct contact with offenders when she knew or should have known about Defendant Bearden's propensity to engage in sexual behaviors with offenders;

      f.    Allowed Defendant Moiser to continue working at Chillicothe Correctional Center with direct contact with offenders when she knew or should have known about Defendant Moiser's propensity to engage in sexual behaviors with offenders;

      g.    Allowed Defendant Mustain to continue working at Chillicothe Correctional Center with direct contact with offenders when she knew or should have known about Defendant Mustain's propensity to engage in sexual behaviors with offenders.

**ANSWER:**  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies that he ever raped, sexually assaulted, harassed, or abused Plaintiff, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

225.    As a direct and proximate result of Defendant Precythe's actions and inactions, set forth in previous paragraphs, Plaintiff has suffered permanent and progressive physical and mental injuries including past, present and future physical and mental pain and suffering.

**ANSWER**:  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

### Count XXIV – Plaintiff's Designation

226.    Plaintiff incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 136 above as fully set forth herein.

**ANSWER:**  Defendant Reed incorporates by reference his answers to the allegations set forth in paragraphs 1 through 136 as though fully set forth herein.

227.    As to Counts I-IV, VI-XXII, Precythe was the employer of the Defendant Corrections Officers, with the attendant right to control their actions in the scope of their employment. Furthermore, the injuries caused by Bearden, Mosier, Mustain, and Reed occurred within the scope of their employment.

**ANSWER**:  Defendant Reed admits that he was employed by the Missouri Department

of Corrections, but denies the remaining allegations in this paragraph.

228.     Precythe is vicariously liable for counts I-IV, VI-XXII.

**ANSWER**:  The allegations in this paragraph are legal conclusions to which no response

is required.  To the extent a response is required, Defendant Reed denies the allegations in this

paragraph.

## Count XXV – Plaintiff's Designation

229.     Plaintiff incorporates and adopts by reference each and every allegation set forth
in paragraphs 1 through 136 above as fully set forth herein.

 **ANSWER:**  Defendant Reed incorporates his answers to the allegations set forth in

paragraphs 1 through 136 above as though fully set forth herein.

230.     Precythe at all times relevant controlled or had the right to control the space in
which the Defendant Corrections Officers assaulted Plaintiff.

 **ANSWER:**  The allegations in this paragraph are legal conclusions to which no

response is required.  To the extent a response is required, Defendant Reed denies the

allegations in this paragraph.

231.     There existed a defective and dangerous condition at the prison in that the
physical layout of the facilities were such that the Defendant Corrections Officers could
sexually assault Plaintiff out of the view of other Department of Corrections staff, and out of the
view of surveillance cameras.

 **ANSWER:**  The allegations in this paragraph are legal conclusions to which no

response is required.  To the extent a response is required, Defendant Reed denies the

allegations in this paragraph.

232.     These defective and dangerous conditions created a condition through which
the Defendant Corrections Officers were able to sexually assault Plaintiff without being
discovered.

**ANSWER:**  The allegations in this paragraph are legal conclusions to which no

response is required.  To the extent a response is required, Defendant Reed denies the

allegations in this paragraph.

233.    Precythe knew or by using ordinary care could have known of this condition.

**ANSWER:**  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

234.    Precythe failed to use ordinary care to eliminate this condition and failed to use ordinary care to warn Plaintiff of the condition.

**ANSWER:**  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

235.    Such failures by Precythe caused or contributed to cause the numerous and repeated assaults on Plaintiff by the Defendant Corrections Officers.

**ANSWER**:  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Reed denies the allegations in this paragraph.

236.    Plaintiff was harmed and sustained damage as a result of these failures by Precythe.

**ANSWER:**  Defendant Reed denies the allegations in this paragraph

## JURY DEMAND

Defendant Kevin L. Reed hereby demands a trial by jury of all issues in this matter.

## RELIEF

WHEREFORE, Plaintiff prays for a Judgment against Defendants, jointly and severally, for medical costs to be incurred, other compensatory damages in an amount to be determined at trial, punitive damages against all defendants in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Furthermore, Plaintiff prays for prospective injunctive relief under 18 U.S. Code § 3626 against Anne L. Precythe, in her official capacity, to remove Defendant Mustain and Defendant Moiser from the Chillicothe Correctional Center immediately to prevent a continuation and

repeated violation of federal law. Plaintiff further prays that Defendant Mustain and Defendant Moiser are banned from ever working at the Chillicothe Correctional Center or any other women's prison's run by the Missouri Department of Corrections, and such other and further relief as this Court deems just and proper.

**ANSWER:**  Defendant Reed denies that Plaintiff is entitled to any of the relief sought in the "RELIEF" paragraphs above.

## <u>AFFIRMATIVE DEFENSES</u>

Further answering, Defendant Reed affirmatively states as follows:

1.	Plaintiff's claims against Defendant Reed are barred by qualified immunity and good faith immunity.  Defendant Reed did not violate a clearly established statutory or constitutional rights of which a reasonable person would have known.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

2.	Plaintiff failed to mitigate her damages, so her claims are barred in whole or part.

3.	Plaintiff's claims are barred by the merger doctrine because the injury and damages are the same for each claim and Plaintiff is not permitted to recover more than once for any injury.  Any award must be merged accordingly.

4.	Plaintiff's injuries and damages, if any, were directly caused or contributed to by her own fault, negligence, or intentional acts.

5.	Plaintiff's injuries and damages, if any, were caused by Plaintiff or the acts of individuals/entities other than Defendant Reed who were beyond his control.

6.	To the extent Plaintiff raises any claims for which she failed to exhaust administrative remedies, such claims are barred. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

7.	To the extent Plaintiff is pleading negligence, Defendant Reed is entitled to official immunity and immunity through the public duty doctrine.

Defendant Reed specifically reserves the right to amend his answer to include affirmative defenses at the time any additional defenses discovered.

**WHEREFORE**, Defendant Kevin L. Reed requests that the Court enter judgment in his favor, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Rachel M. Rivers*
Rachel M. Rivers, #71420
Assistant Attorneys General
615 E. 13th Street, Suite 401
Kansas City, MO 64106
Phone (816) 889-5023
Fax (816) 889-5006
rachel.rivers@ago.mo.gov

***Attorneys for Kevin L. Reed***

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 31, 2019, the foregoing was filed with the court's ECF system and electronically served on all counsel of record.

/s/ Rachel M. Rivers
Rachel M. Rivers
Assistant Attorney General