**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | |
|---|---|
| TERI L. DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No.   19-6022-CV-SJ-SRB |
| | ) |
| EDWARD BEARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Precythe's Motion to Dismiss. (Doc. #27). The motion is granted in part and denied in part. The motion is granted with respect to Counts VI, XXIII, XXIV, and XXV. The motion is also granted with respect to Plaintiff Teri L. Dean's official capacity claim in Count V and the corresponding request for injunctive relief. The motion is denied with respect to Plaintiff's individual capacity claim in Count V.

## I. Background

Plaintiff was incarcerated at the Chillicothe Correctional Center between June 2012 and October 2018. Plaintiff alleges she was harassed, abused, and sexually assaulted by Defendant Corrections Officers Edward Bearden, Elijah L. Mosier, Todd E. Mustain, and Kevin L. Reed (collectively "Corrections Officer Defendants") repeatedly and throughout her incarceration. Plaintiff alleges she experienced retaliation after reporting the abuse. Plaintiff alleges widespread sexual abuse occurred at the prison during the time she was incarcerated and after she was moved to a different facility. Plaintiff alleges Defendant Precythe, the Director of the Missouri Department of Corrections since February 9, 2017, "knew or should have known that

the Defendant Corrections Officers were sexually assaulting Plaintiff and did nothing to prevent or stop the attacks." (Doc. #5, p. 1).

Plaintiff's First Amended Complaint includes five claims against Defendant Precythe: 1) Count V – 42 U.S.C. § 1983 claim for facilitation of Corrections Officer Defendants' misconduct in violation of the Eighth Amendment stated against Defendant Precythe in her official and individual capacities; 2) Count VI – common law negligence against all Defendants; 3) Count XXIII – negligence against Defendant Precythe in her individual capacity; 4) Count XXIV – vicarious liability/*respondeat superior* against Defendant Precythe in her individual capacity; and 5) Count XXV – premises liability against Defendant Precythe in her individual capacity. In the prayer for relief, Plaintiff seeks damages as well as prospective injunctive relief. Defendant Precythe moves to dismiss all claims against her for failure to state a claim.

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation and quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009)

(noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, allegations that are "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 677).

### III. Discussion

Defendant Precythe argues the claims against her should be dismissed because: 1) Defendant Precythe is protected by official immunity and the public duty doctrine as to the state-law claims (Counts VI, XXIII, and XXV); 2) Defendant Precythe cannot be found vicariously liable based on *respondeat superior* (Count XXIV); 3) Defendant Precythe is not subject to suit in her official capacity based on § 1983, and her claims for injunctive relief fail (Count V); 4) Plaintiff's § 1983 claim fails because Plaintiff does not allege Defendant Precythe actually knew of a substantial risk of harm to Plaintiff (Count V); and 5) Defendant Precythe is protected by qualified immunity as to Plaintiff's § 1983 claim (Count V).

#### a. State-Law Claims

##### i. Count XXIV

In responding to Defendant Precythe's motion, Plaintiff concedes "she cannot rely solely on a theory of *respondeat superior* and voluntarily dismisses that part of her claim." (Doc. #33, p. 3). Accordingly, Count XXIV is dismissed.

##### ii. Counts VI, XXIII, and XXV

"Missouri has long-applied the doctrine of official immunity." *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008) (citation omitted). Official immunity "protects public officials from liability for alleged acts of ordinary negligence committed during

the course of their official duties for the performance of discretionary acts." *Id.* (citing *Davis v. Lambert-St. Louis Int'l Airport*, 685 S.W.3d 760, 763 (Mo. banc 2005)). Official immunity does not apply to ministerial acts nor does it apply to discretionary acts committed in bad faith or with malice. *Austell v. Sprenger*, 690 F.3d 929, 938 (8th Cir. 2012). "Bad faith or malice generally requires actual intent to cause injury." *Blue v. Harrah's North Kansas City, LLC*, 170 S.W.3d 466, 479 (Mo. App. W.D. 2005) (citation omitted). The Missouri Supreme Court has explained the difference between discretionary and ministerial acts:

> Whether an act can be characterized as discretionary depends on the degree of reason and judgment required. . . . A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued. . . . A ministerial function, in contrast, is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed. . . . The determination of whether an act is discretionary or ministerial is made on a case-by-case basis, considering: (1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity.

*Southers*, 263 S.W.3d at 610 (internal quotation marks and citations omitted).

Plaintiff argues Defendant Precythe's actions were ministerial and not protected by official immunity. The Court disagrees. In Count VI Plaintiff alleges that Defendant Precythe breached a "duty of care to Plaintiff by failing to protect her from sexual abuse and harassment." (Doc. #5, ¶ 139). In Count XXIII Plaintiff alleges Defendant Precythe breached a duty she owed to Plaintiff to protect her from being sexually assaulted by failing "to employ obvious measures to reduce the risk of rape and sexual abuse of incarcerated offenders by Correctional Officers at the Chillicothe Correctional Center[.]" (Doc. #5, pp. 26-27). In Count XXIII Plaintiff also alleges Defendant Precythe breached this duty by failing to install security cameras and ensure monitoring of security footage, and by allowing each Corrections Officer Defendant to continue

4

working at Chillicothe Correctional Center when Defendant Precythe "knew or should have known" of each Corrections Officer Defendant's "propensity to engage in sexual behaviors with offenders[.]" (Doc. #5, p. 27). In Count XXV Plaintiff alleges the physical layout of the prison allowed the Corrections Officer Defendants to sexually assault Plaintiff outside the view of other staff or surveillance cameras. (Doc. #5, ¶ 231). In Count XXV Plaintiff also alleges Defendant Precythe "failed to use ordinary care to eliminate this condition and failed to use ordinary care to warn Plaintiff of the condition." (Doc. #5, ¶ 234).

In responding to Defendant Precythe's motion, Plaintiff attempts to characterize the foregoing acts as "ministerial" by relying on Mo. Rev. Stat. § 217.410 (2019), which concerns the reporting of offender abuse by department employees. Plaintiff argues "this section sets forth such specific requirements showing that Defendant Precythe's duties under the statute are ministerial (not discretionary) in nature." (Doc. #33, p. 6). Plaintiff's argument is unavailing. The statute provides, "If the investigation indicates possible abuse of an offender, the investigator shall refer the complaint, together with his report, to the director *for appropriate action*." (emphasis added). The Court finds the acts on which Plaintiff bases her claims against Defendant Precythe in Counts VI, XXIII, and XXV are discretionary acts in that they all involve reason and judgment and are not clerical in nature.

Plaintiff also argues in responding to Defendant Precythe's motion that official immunity does not apply because "[i]nferences from Plaintiff's complaint clearly show that Defendant Precythe acted in bad faith." (Doc. #33, p. 8). The Court finds no allegations in the First Amended Complaint that Defendant Precythe intended to cause Plaintiff injury. Plaintiff does not allege bad faith or malice by Defendant Precythe to avoid application of official immunity.

The Court finds official immunity bars Counts VI, XXIII, and XXV, and the Court need not address application of the public duty doctrine.

> **b.      42 U.S.C. § 1983 Claim (Count V)**
>
> **i.      Official Capacity and Injunctive Relief**

Plaintiff states, "Defendant Precythe is sued in her individual and official capacities." (Doc. #5, ¶ 13).  Plaintiff concedes "she cannot seek damages under Section 1983 against Defendant Precythe in her official capacity due to the immunity provided her under the 11th Amendment to the U.S. Constitution."  (Doc. #33, p. 2).  However, Plaintiff may seek prospective injunctive relief on an official capacity claim under § 1983.  *See Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989) ("[T]he district court has jurisdiction over a suit against Norman in his official capacity with regard to Nix's request for prospective, injunctive relief.").  Plaintiff's prayer for relief states, "Plaintiff prays for prospective injunctive relief under 18 U.S. Code § 3626 against Anne L. Precythe, in her official capacity, to remove Defendant Mustain and Defendant Mosier from the Chillicothe Correctional Center immediately to prevent a continuation and repeated violation of federal law."  (Doc. #5, p. 29).  Plaintiff states she also seeks an injunction banning Defendants Mustain and Moiser from ever working at Chillicothe Correctional Center or any other women's prison run by Missouri Department of Corrections.

An injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again[.]"  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (internal quotation marks and citation omitted).  Defendant Precythe argues Plaintiff's claim for injunctive relief must be dismissed because Plaintiff is no longer confined at Chillicothe Correctional Center and

"there is no real or immediate threat that Plaintiff here will be wronged by Defendants Mustain or Mosier." (Doc. #27, p. 5). The Court agrees.

In response to Defendant Precythe's motion to dismiss, Plaintiff argues her claim for injunctive relief should proceed despite her transfer to a different facility because "Plaintiff can be transferred back to Chilicothe at any time, without notice, at the whim of officials of the Department of Corrections whom Defendant Precythe controls, or by Precythe herself." (Doc. #33, p. 3). In *Martin* the Eighth Circuit dismissed a prisoner's claim for an injunction to improve prison conditions due to the prisoner's transfer to another facility. 780 F.2d at 1337. The Eighth Circuit concluded, "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Id.* For the same reasons, Plaintiff's request for a prospective injunction removing Defendants Mustain and Mosier from their employment at Chillicothe Correctional Center and barring their employment at any other facility is moot. The Court finds Plaintiff's § 1983 claim against Defendant Precythe in her official capacity must be dismissed because Plaintiff's claim for injunctive relief fails.

### ii.     Actual Knowledge

Defendant Precythe moves to dismiss Plaintiff's individual-capacity § 1983 claim for failure to allege that Defendant Precythe had actual knowledge of a substantial risk to Plaintiff. In Count V Plaintiff alleges Defendant Precythe "fail[ed] to protect Plaintiff from known and serious harm[.]" (Doc. #5, ¶ 134). A claim for failure to protect in violation of the Eighth Amendment requires a showing of a substantial risk of harm to the inmate and deliberate indifference on the part of prison officials. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference, "the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Court finds that the allegations in the First Amended Complaint, considered as a whole and accepted as true, are sufficient to allege Defendant Precythe's actual knowledge of a substantial risk of harm to Plaintiff. Plaintiff alleges she reported abuse by the Corrections Officer Defendants and experienced retaliation as a result. Plaintiff alleges sexual abuse at Chillicothe Correctional Center was widespread and occurred throughout the time of her incarceration there. Plaintiff alleges multiple lawsuits were filed against Defendant Bearden in and around May 2018, and Plaintiff alleges several media outlets ran news stories regarding alleged sexual abuse at Chillicothe Correctional Center. Plaintiff alleges Defendant Precythe "was specifically aware of allegations of sexual misconduct" by all Corrections Officer Defendants "prior to and during the course of [their] abuse of Plaintiff." (Doc. #5, ¶¶ 125-128). Plaintiff's allegations are sufficient to survive a motion to dismiss for failure to state a claim, and Defendant Precythe's motion is denied on this point.

### iii. Qualified Immunity

Defendant Precythe also moves to dismiss Plaintiff's individual-capacity § 1983 claim based on qualified immunity. "Qualified immunity shields a government official from liability unless his conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *New v. Denver*, 787 F.3d 895, 899 (8th Cir. 2015) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[Q]ualified immunity is an affirmative defense, which will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (internal quotation marks and citations omitted).

Defendant Precythe argues "that she is protected by qualified immunity because there is no clearly established law that required her to take any action against the corrections officer defendants or to change any policies during the period between the time of the alleged notice to her of misconduct by corrections officers and the time that Plaintiff alleges she remained subject to such misconduct." (Doc. #34, p. 9). Defendant Precythe also argues that "Plaintiff cites no case law, or other law, requiring such employment actions while allegations of misconduct are being looked into." (Doc. #34, p. 9). Defendant Precythe mischaracterizes the constitutional right at issue. The Eighth Amendment protects prisoners from cruel and unusual punishment, which includes the right not to be sexually assaulted in prison by prison guards. *Riley v. Olk-Long*, 282 F.3d 592, 595 (8th Cir. 2002) (citing *Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996)).

According to the Eighth Circuit, "Qualified immunity is usually raised by a motion for summary judgment after a limited amount of discovery has been conducted to determine whether defendants acted objectively in a reasonable manner and whether a plaintiff's rights were clearly established at the time of the alleged deprivation." *Whisman*, 119 F.3d at 1309 (citation omitted). The Court finds that whether Defendant Precythe is entitled to qualified immunity has not been proven on the face of the First Amended Complaint, and discovery is necessary to resolve this issue. Exactly what Defendant Precythe knew and when, and her actions in response to the same are facts to be developed during discovery that will impact the Court's determination with respect to qualified immunity.

## IV. Conclusion

Defendant Precythe's Motion to Dismiss (Doc. #27) is granted in part and denied in part. The motion is granted with respect to Count VI (only to the extent Count VI is stated against

Defendant Precythe), Count XXIII, Count XXIV, and Count XXV. The motion is also granted

with respect to Plaintiff's official capacity claim in Count V and the corresponding request for

injunctive relief. The motion is denied with respect to Plaintiff's individual capacity claim in

Count V.

**IT IS SO ORDERED.**


/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:   September 17, 2019