# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

TERI DEAN,              )
                              )
          Plaintiff,      )
                              )
     v.                  )      Case No.:    5:19-cv-06022-SRB
                              )
EDWARD BEARDEN, *et al.*,   )
                              )
          Defendants.   )

## **Amended Answer and Affirmative Defenses**

Defendants Edward Bearden, Elijah Mosier, and Todd Mustain state:

1. Defendants admit that Teri Dean was confined at Chillicothe Correctional Center. Defendants deny the remaining allegations in paragraph 1.

2. Defendants admit that Plaintiff attempts to bring various counts against them but deny the remaining allegations in paragraph 2.

3. Defendant lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3; therefore, Defendants deny the allegations therein.

4. Defendants admit that Plaintiff attempts to bring various state law claims against individual defendants but deny the remaining allegations in paragraph 4.

5. The allegations in paragraph 5 contain legal conclusions, not

1

statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

6. The allegations in paragraph 6 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

7. The allegations in paragraph 7 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit that Edward Bearden was a Corrections Officer at the Chillicothe Correctional Center until August 2018. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit that Elijah Mosier was a Sergeant at Chillicothe Correctional Center, where he is still employed. Defendants deny the remaining allegations in paragraph 10.

11. Defendants admit that Todd Mustain was a Corrections Officer at Chillicothe Correctional Center, where he is still employed. Defendants deny the remaining allegations in paragraph 11.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12; therefore, Defendants deny the allegations therein.

13.     Defendants admit that Anne Precythe has been the Director of the Missouri Department of Corrections since February 9, 2017, and remains in that position. Defendants deny the remaining allegations in paragraph 13.

14.     Defendants admit that Plaintiff was at the Chillicothe Correctional Center, but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14; therefore, Defendants deny the remaining allegations therein.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15; therefore, Defendants deny the allegations therein.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16; therefore, Defendants deny the allegations therein.

17.     Defendants deny the allegations in paragraph 17.

18.     Defendants deny the allegations in paragraph 18.

19.     Defendants deny the allegations in paragraph 19.

3

20.    Defendants deny the allegations in paragraph 20.

21.    Defendants deny the allegations in paragraph 21.

22.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22; therefore, Defendants deny the allegations therein.

23.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23; therefore, Defendants deny the allegations therein.

24.    Defendants deny the allegations in paragraph 24.

25.    Defendants deny the allegations in paragraph 25.

26.    Defendants admit that Mosier and Mustain are employed at Chillicothe Correctional Center. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26; therefore, Defendants deny the remaining allegations therein.

27.    Defendants deny the allegations in paragraph 27.

28.    Defendants deny the allegations in paragraph 28.

29.    Defendants deny the allegations in paragraph 29.

30.    Defendants deny the allegations in paragraph 30.

31.    Defendants deny the allegations in paragraph 31.

32.    Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations n paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants admit that cross-gender pat downs previously occurred at Chillicothe Correctional Center. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 37; therefore, Defendants deny the remaining allegations therein.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     The allegations in paragraph 47 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations

5

therein.

48.    Defendants deny the allegations in paragraph 48.

49.    Defendants deny the allegations in paragraph 49.

50.    Defendants deny the allegations in paragraph 50.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants deny the allegations in paragraph 52.

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants deny the allegations in paragraph 54.

55.    Defendants deny the allegations in paragraph 55.

56.    Defendants deny the allegations in paragraph 56.

57.    Defendants deny the allegations in paragraph 57.

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in paragraph 59.

60.    Defendants deny the allegations in paragraph 60.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62.

63.    The allegations in paragraph 63 contain legal conclusions, not
statements of fact; therefore, no response is required. To the
extent a response is required, Defendants deny the allegations
therein.

64.    Defendants deny the allegations in paragraph 64.

6

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     The allegations in paragraph 76 contain legal conclusions, not
statements of fact; therefore, no response is required. To the
extent a response is required, Defendants deny the allegations
therein.

77.     Defendants lack sufficient knowledge or information to form a
belief as to the truth of the allegations in paragraph 77;
therefore, Defendants deny each allegation therein.

78.     Defendants lack sufficient knowledge or information to form a
belief as to the truth of the allegations in paragraph 78;
therefore, Defendants deny each allegation therein.

79. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79; therefore, Defendants deny each allegation therein.

80. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80; therefore, Defendants deny each allegation therein.

81. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81; therefore, Defendants deny each allegation therein.

82. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82; therefore, Defendants deny each allegation therein.

83. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83; therefore, Defendants deny each allegation therein.

84. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84; therefore, Defendants deny each allegation therein.

85. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85; therefore, Defendants deny each allegation therein.

86. The allegations in paragraph 86 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

87. Defendants admit the allegations in paragraph 87.

88. Defendants admit the allegations in paragraph 88.

89. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89; therefore, Defendants deny each allegation therein.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

92. Defendants admit that Bearden worked at Chillicothe Correctional Center until August 2018, but deny the remaining allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

## Plaintiff's Designation of Section 1983 Claims

## Plaintiff's Designation of Count I

99.  Defendants incorporate the preceding paragraphs by reference as though full set forth herein.

100. The allegations in paragraph 100 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

101. The allegations in paragraph 101 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

102. The allegations in paragraph 102 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

103. The allegations in paragraph 103 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count II

104.   Defendants incorporate the preceding paragraphs by reference as though full set forth herein.

105.  The allegations in paragraph 105 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

106.  The allegations in paragraph 106 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

107.  The allegations in paragraph 107 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

108.  The allegations in paragraph 108 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count III

109.  Defendants incorporate the preceding paragraphs by reference as

though full set forth herein.

110. The allegations in paragraph 110 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

111. The allegations in paragraph 111 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

112. The allegations in paragraph 112 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

113. The allegations in paragraph 113 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count IV

114. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

115. The allegations in paragraph 115 contain legal conclusions, not

12

statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

116. The allegations in paragraph 116 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

117. The allegations in paragraph 117 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

118. The allegations in paragraph 118 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count V

119. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

120. The allegations in paragraph 120 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations

13

therein.

121. The allegations in paragraph 121 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

122. The allegations in paragraph 122 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

123. The allegations in paragraph 123 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph 125.

126. Defendants deny the allegations in paragraph 126.

127. Defendants deny the allegations in paragraph 127.

128. Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. The allegations in paragraph 131 contain legal conclusions, not

14

statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

132. The allegations in paragraph 132 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

133. The allegations in paragraph 133 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

134. The allegations in paragraph 134 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

135. The allegations in paragraph 135 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

136. The allegations in paragraph 136 contain legal conclusions, not statements of fact; therefore, no response is required. To the

15

extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Missouri State Law Claims

### Plaintiff's Designation of Count VI

137. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

138. The allegations in paragraph 138 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

139. The allegations in paragraph 139 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

140. The allegations in paragraph 140 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

### Plaintiff's Designation of Count VII

141. Defendants incorporate the preceding paragraphs by reference as though full set forth herein.

16

142. Defendants deny the allegations in paragraph 142.

143. Defendants deny the allegations in paragraph 143.

144. Defendants deny the allegations in paragraph 144.

145. The allegations in paragraph 145 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count VIII

146. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

147. Defendants deny the allegations in paragraph 147.

148. Defendants deny the allegations in paragraph 148.

149. Defendants deny the allegations in paragraph 149.

150. Defendants deny the allegations in paragraph 150.

151. The allegations in paragraph 151 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count IX

152. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

17

153. The allegations in paragraph 153 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants admit the allegations therein.

154. The allegations in paragraph 154 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

155. The allegations in paragraph 155 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

**Plaintiff's Designation of Count X**

156. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

157. Defendants deny the allegations in paragraph 157.

158. Defendants deny the allegations in paragraph 158.

159. The allegations in paragraph 159 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

160. The allegations in paragraph 160 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

### Plaintiff's Designation of Count XI

161. Defendants incorporate the preceding paragraphs by reference as though full set forth herein.

162. Defendants deny the allegations in paragraph 162.

163. Defendants deny the allegations in paragraph 163.

164. Defendants deny the allegations in paragraph 164.

165. The allegations in paragraph 165 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

### Plaintiff's Designation of Count XII

166. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

167. Defendants deny the allegations in paragraph 167.

168. Defendants deny the allegations in paragraph 168.

169. Defendants deny the allegations in paragraph 169.

170. Defendants deny the allegations in paragraph 170.

19

171. The allegations in paragraph 171 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count XIII

172. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

173. The allegations in paragraph 173 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants admit the allegations therein.

174. The allegations in paragraph 174 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

175. The allegations in paragraph 175 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count XIV

176. Defendants incorporate the preceding paragraphs by reference as

though fully set forth herein.

177. Defendants deny the allegations in paragraph 177.

178. Defendants deny the allegations in paragraph 178.

179. The allegations in paragraph 179 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

180. The allegations in paragraph 180 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

**Plaintiff's Designation of Count XV**

181. Defendants incorporate the preceding paragraphs by reference as though full set forth herein.

182. Defendants deny the allegations in paragraph 182.

183. Defendants deny the allegations in paragraph 183.

184. Defendants deny the allegations in paragraph 184.

185. The allegations in paragraph 185 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

21

## Plaintiff's Designation of Count XVI

186. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

187. Defendants deny the allegations in paragraph 187.

188. Defendants deny the allegations in paragraph 188.

189. Defendants deny the allegations in paragraph 189.

190. Defendants deny the allegations in paragraph 190.

191. The allegations in paragraph 191 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count XVII

192. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

193. The allegations in paragraph 193 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants admit the allegations therein.

194. The allegations in paragraph 194 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations

therein.

195. The allegations in paragraph 195 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

**Plaintiff's Designation of Count XVIII**

196. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

197. Defendants deny the allegations in paragraph 197.

198. Defendants deny the allegations in paragraph 198.

199. The allegations in paragraph 199 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

200. The allegations in paragraph 200 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

**Plaintiff's Designation of Count XIX**

201. Defendants incorporate the preceding paragraphs by reference as though full set forth herein.

23

202. Defendants deny the allegations in paragraph 202.

203. Defendants deny the allegations in paragraph 203.

204. Defendants deny the allegations in paragraph 204.

205. The allegations in paragraph 205 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

**Plaintiff's Designation of Count XX**

206. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

207. Defendants deny the allegations in paragraph 207.

208. Defendants deny the allegations in paragraph 208.

209. Defendants deny the allegations in paragraph 209.

210. Defendants deny the allegations in paragraph 210.

211. The allegations in paragraph 211 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

**Plaintiff's Designation of Count XXI**

212. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

24

213. The allegations in paragraph 213 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants admit the allegations therein.

214. The allegations in paragraph 214 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

215. The allegations in paragraph 215 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count XXII

216. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

217. Defendants deny the allegations in paragraph 217.

218. Defendants deny the allegations in paragraph 218.

219. The allegations in paragraph 219 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

220. The allegations in paragraph 220 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

**Plaintiff's Designation of County XXIII**

221. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

222. The allegations in paragraph 222 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

223. The allegations in paragraph 223 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

224. The allegations in paragraph 224, including subparts a-g, contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

225. The allegations in paragraph 225 contain legal conclusions, not statements of fact; therefore, no response is required. To the

26

extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count XXIV

226. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

227. The allegations in paragraph 227 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

228. The allegations in paragraph 228 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Count XXV

229. Defendants incorporate the preceding paragraphs by reference as though fully set forth herein.

230. The allegations in paragraph 230 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

231. The allegations in paragraph 231 contain legal conclusions, not

27

statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

232. The allegations in paragraph 232 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

233. The allegations in paragraph 233 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

234. The allegations in paragraph 234 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

235. The allegations in paragraph 235 contain legal conclusions, not statements of fact; therefore, no response is required. To the extent a response is required, Defendants deny the allegations therein.

236. The allegations in paragraph 236 contain legal conclusions, not statements of fact; therefore, no response is required. To the

28

extent a response is required, Defendants deny the allegations therein.

## Plaintiff's Designation of Jury Demand

237. Defendants also request a trial by jury of all issues triable to a jury.

238. Defendants further deny that Plaintiff is entitled to any relief that she requested in her prayer for relief.

## Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted. This suit should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2. Plaintiff's claims against Defendants are barred by qualified immunity and good faith immunity. Defendants did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

3. Plaintiff failed to mitigate her damages, and therefore her claim is barred in whole, or in part.

4. Plaintiff's claims are barred by the doctrine of merger in that they assert more than one claim but the injury and the damages are the same for each claim, and Plaintiff is not permitted to recover more

than once for any injury. Any award from a jury must be merged to prevent a plaintiff from gaining a double recovery.

5. Plaintiff's injuries and damages, if any, were directly caused or directly contributed to by her own fault, negligence, or intentional acts.

6. Plaintiff's injuries and damages, if any, were caused by Plaintiff or the acts of individuals and entities other than Defendants Bearden, Mosier, and Mustain, and who were beyond the control of these Defendants.

7. All actions that Defendants may have taken toward Plaintiff were done in compliance with all applicable laws.

8. Plaintiff's claims against Defendants are barred by the applicable statute of limitations.

9. Plaintiff has failed to plead sufficient facts to justify an award of punitive damages.

10. An award of punitive damages would violate Defendants' Due Process rights.

11. To the extent Plaintiff raises any claims for which she failed to exhaust administrative remedies, such claims are barred. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

12. Defendants incorporate by reference each and every additional

30

affirmative defense that may be uncovered or made known during the investigation and discovery of this case.

13. Defendants specifically reserve the right to amend this answer to include affirmative defenses at any time they are discovered.

Accordingly, Defendants Bearden, Mosier, and Mustain move for dismissal of Plaintiff's claims with prejudice and for such further relief as the Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Defendants*
*Bearden, Mosier, and Mustain*

</div>

31

## Certificate of Service

I hereby certify that on April 6, 2021, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<span style="margin-left:40%">/s/ Nicolas Taulbee</span>
<span style="margin-left:40%">Assistant Attorney General</span>