# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| TERI L. DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 19-06022-CV-SJ-BP |
| | ) |
| EDWARD BEARDEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO AMEND

Pending is Defendants Edward Bearden, Elijah Mosier, and Todd Mustain's Motion to Amend their Answer. (Doc. 75.) Specifically, these Defendants wish to assert as an affirmative defense that Plaintiff failed to exhaust her administrative remedies. (Doc. 76, p. 2.) The deadline to amend the pleadings was December 1, 2019—over a year before Defendants filed this motion. (Doc. 32, p. 1.) Plaintiff opposes the motion. (Doc. 78.)

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with . . . the court's leave. The court should freely give leave when justice so requires." But where a party seeks to amend a pleading after the deadline set out in the scheduling order, the party may do so "only for good cause and with the judge's consent" under Rule 16(b)(4); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("Because [the defendant's] motion to amend was filed more than seventeen months after the established scheduling deadline for amending pleadings, the district court was required to apply Rule 16(b)'s good-cause standard in ruling on [the] motion.").

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from" an untimely amendment "may also be a relevant

factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717.  If a party filing an untimely motion to amend "knew of the claims [it] s[eeks] to add when [it] filed the original [pleading]," that party has not acted diligently to comply with the scheduling order.  *Barstad v. Murray County*, 420 F.3d 880, 883 (8th Cir. 2005).

Here, the only argument these Defendants make to establish good cause is that they "believed that they had raised the failure-to-exhaust defense in their initial [A]nswer" and "recently discovered that they had not."  (Doc. 76, p. 2.)  They then "immediately sought leave" to amend their Answer upon discovering this lapse.  (Doc. 79, p. 2.)  Defendants also contend that Plaintiff will suffer no prejudice if they are allowed to assert the defense.  (Doc. 79, p. 2.)

The Court does not believe that Defendants acted with reasonable diligence to comply with the scheduling order.  Defendants admit that another Defendant, Kevin Reed, *did* raise the failure-to-exhaust defense in his initial Answer, (Doc. 76, pp. 3–4), and claim that they believed they had also asserted the defense in their Answer.  (Doc. 79, p. 1.)  This indicates that they "knew of" the Affirmative defense "when they filed the[ir] original" Answer, and could have asserted it then.  *Barstad*, 420 F.3d at 883.  Defendants have presented no reason justifying their failure to do so, and thus, have not shown that they acted diligently to comply with the Scheduling Order.  Consequently, the Court has no need to consider whether allowing them to Amend their answer would prejudice Plaintiff.  The Motion to Amend, (Doc. 75), is **DENIED**.

**IT IS SO ORDERED.**

DATE: April 26, 2021

 /s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT