IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF MISSOURI

| | |
|---|---|
| TERI DEAN, | ) |
| Plaintiff, | ) Cause No. 5:19-cv-06022-SRB |
| v. | ) |
| EDWARD BEARDEN, et al., | ) |
| Defendants. | ) |

## DEFENDANT PRECYTHE'S MOTION FOR SUMMARY JUDGMENT, STATEMENT OF UNCONTROVERTED MATERIAL FACTS, AND SUGGESTIONS IN SUPPORT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant Precythe, by and through undersigned counsel, respectfully moves for summary judgment on the remaining Count V before this Court because there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

# EXHIBITS

A. Affidavit of Anne L. Precythe

B. Affidavit of Matt Briesacher

C. Deposition of Defendant Precythe

D. Excerpted Deposition of Plaintiff Teri Dean (pages 156-174)

# MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff Teri Dean ("Plaintiff") is an inmate in the custody of the Missouri Department of Corrections ("MDOC"), who is currently incarcerated at Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri. Plaintiff filed suit against Anne Precythe, Director of MDOC, and others, after Plaintiff alleges she was assaulted by four corrections officers while she was an inmate at Chillicothe Correctional Center.

Defendant Precythe filed her Motion to Dismiss on July 31, 2019. (Doc. 27). This Court, Honorable Stephen Bough, presiding, issued an Order granting Defendant's Motion to Dismiss with respect to Counts VI (only to the extent the Count applies to Defendant Precythe), XXIII, XXIV, and XXV. (Doc. 37, ¶ ¶ 9-10). The Order also granted a dismissal of Plaintiff's official capacity claim in Count V and the corresponding request for injunctive relief. *Id*.

Plaintiff also alleged that Defendant had actual knowledge of a substantial risk to Plaintiff and Defendant "fail[ed] to protect Plaintiff from known and serious harm." (Doc. 5, ¶ 134). This 42 U.S.C. § 1983 claim against Defendant Precythe in her individual capacity is Plaintiff's sole remaining claim against Defendant Precythe.

Defendant Precythe is entitled to summary judgment on this claim as Defendant Precythe had no actual knowledge of risk of harm to Plaintiff, therefore Defendant Precythe did not act with deliberate and innate indifference; further, qualified immunity shields Defendant Precythe from Plaintiff's individual capacity claim.

## II. STATEMENT OF UNCONTROVERED MATERIAL FACTS

1. Plaintiff Teri Dean is an inmate in the custody of MDOC, who is currently incarcerated at Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri ("Vandalia"). (Doc. 5, ¶ 3).

2. Plaintiff has been housed at Vandalia since October 2018. (Doc. 5, ¶ 3).

3. Plaintiff was previously at Chillicothe Correctional Center ("Chillicothe") between June 2012 and October 2018. ((Doc. 5, ¶ 3); (Exhibit D, Excerpted Deposition of Teri Dean, p. 166: 5-6).

4. Defendant Anne Precythe is the Director of the MDOC. (Exhibit A-Affidavit of Anne Precythe); (Doc. 5, ¶ 3)

5. Defendant Precythe has served as the Director of the MDOC since February 2017. (Exhibit A); (Exhibit C-Deposition of Defendant Precythe, p. 15:16-18); (Doc. 5, ¶ 3).

6. Defendants Bearden, Mosier, Mustain, and Reed were all corrections officers employed at Chillicothe between June 2012 and October 2018. (Doc. 5, ¶ 3).

7. Matt Briesacher ("Briesacher") serves as the Director of the Office of Professional Standards for MDOC (Exhibit C, p. 20: 23-25); (Exhibit B- Affidavit of Matt Briesacher).

8. Briesacher has served in this capacity since March of 2017 (Exhibit B).

9. The Office of Professional Standards for MDOC oversees the investigation of inmate complaints. (Exhibit B) (Exhibit C, p. 78: 10-14).

10. Defendant Precythe relies on a system of Department staff with authority to investigate any inmate allegations and to properly respond when necessary. (Exhibit A); (Exhibit C, p. 70: 10-16).

11. Defendant Precythe is not routinely personally involved in MDOC employee matters. (Exhibit A); (Exhibit C, p.78: 13-14; pp 71: 22-25; and 72: 1-2).

12. MDOC personnel decisions are delegated to Department appointing authorities. (Exhibit A); (Exhibit C, pp. 64: 3-25; and 65: 1-6, 21-25; and 66: 1-2).

13. Defendant Precythe had no personal knowledge of Plaintiff's claims until the filing of this lawsuit. (Exhibit A).

14. Defendant Precythe was not aware of specific allegations against Defendant Bearden prior to the filing of Plaintiff's lawsuit. (Exhibit A); (Exhibit C, p. 25: 5-19).

15. Defendant Precythe is not routinely briefed on whether an inmate claim investigated by MDOC is substantiated or unsubstantiated. (Exhibit C, p. 39: 21-24).

16. Plaintiff did not file a grievance claim of retaliation while at Chillicothe (Exhibit D-Excerpted Deposition of Plaintiff Teri Dean, p. 161: 13-14).

17. Plaintiff has never spoken with Defendant Precythe. (Exhibit D, pp. 157: 24-25, and 158: 1).

18. Plaintiff does not know that the other Defendants ever had discussions with Defendant Precythe, or discussions with anyone in her office. (Exhibit D, p. 158: 2-7).

19. Plaintiff does not know that staff at Chillicothe ever had conversations with Defendant Precythe. (Exhibit D, p. 160: 14-17).

20. Plaintiff does not know of any inmates at Chillicothe who had conversations with Defendant Precythe. (Exhibit D, p. 160: 6-9).

21. Plaintiff agrees that Defendant Precythe may have had knowledge of Plaintiff's claims only after the filing of Plaintiff's lawsuit. (Exhibit D, p. 166: 10-17).

22. Plaintiff does not know if Defendant Precythe had any involvement in investigations of Plaintiff's claims. (Exhibit D, p 160: 1-3).

23. Plaintiff does not know if incidents she alleges in her lawsuit happened to other individuals at Chillicothe. (Exhibit D, p. 163; 11-15).

24. Plaintiff does not know of any MDOC policies that mandate the Department Director take action related to sexual misconduct. (Exhibit D, p. 167; 9-11).

25. Plaintiff does not know whether Defendant Precythe became aware of any of Plaintiff's allegations against the other Defendants, but believes Defendant Precythe probably became aware of them after reading the newspaper or after lawsuits were filed. (Exhibit D, p. 169; 5-18).

# DEFENDANT PRECYTHE'S SUGGESTIONS IN SUPPORT
# OF HER MOTION FOR SUMMARY JUDGMENT

## I.     Standard of Review

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id*. "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must

'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005).

II. **Argument**

Defendant Precythe is entitled to summary judgment because, though Plaintiff has alleged that Defendant Precythe knew that Defendant corrections officers were engaging in misconduct and Defendant Precythe took no actions to prevent it, Defendant Precythe did not possess actual knowledge of a substantial risk to Plaintiff.

**A.  Defendant Precythe had no actual knowledge of risk of harm to Plaintiff, and Defendant Precythe did not act with deliberate and innate indifference.**

Plaintiff's 42 U.S.C. § 1983 claim for failure to protect requires a showing of a substantial risk of harm to the inmate and the deliberate indifference on the part of prison officials. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference, "the official must both be aware of the facts from which the inference could

be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 837.

Defendant Precythe is Director of the largest employer in the State of Missouri system (MDOC). MDOC employs a team of Division Directors and appointing authorities, as well as trained investigators, to ensure that inmate claims of abuse are thoroughly investigated and appropriate action is taken, if necessary. This Departmental approach is intentional, practical, and designed so that no one individual (including the Director herself) is charged with being personally involved in day-to-day MDOC operations including investigations or personnel decisions at the 20 different MDOC institutions maintained across the state.

Defendant Precythe relies on the Office of Professional Standards to investigate inmate claims and act accordingly (SUMF #9, 10). Defendant Precythe is not routinely briefed on whether a claim investigated by MDOC is substantiated or unsubstantiated (SUMF #15). Defendant Precythe had no personal knowledge of Plaintiff's claims until the filing of this lawsuit (SUMF #13).

Plaintiff, by her own admission, has never spoken with Defendant Precythe (SUMF #12). Plaintiff has no personal knowledge that Defendant Precythe had any involvement in the investigation of Plaintiff's claims (SUMF #22). Plaintiff acknowledges that Defendant Precythe may have only had knowledge of Plaintiff's claims after the filing of Plaintiff's lawsuit (SUMF #21). Plaintiff did not report any retaliation when she was an inmate at Chillicothe (SUMF #16).

9

Because Defendant Precythe was not made aware of facts from which an inference could be made that a substantial risk of harm to Plaintiff existed, Defendant Precythe cannot be reasonably expected to make that inference; therefore Defendant Precythe did not act out of deliberate indifference and summary judgment in Defendant's favor is warranted.

### B. Qualified immunity shields Defendant Precythe from Plaintiff's individual capacity claim.

"Qualified immunity shields a defendant from personal liability if his or her conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Steed, by and through Steed v. Mo. State Hwy. Patrol,* 2 F.4th 767, 769-770 (8th Cir. 2021). (Citation omitted). As a matter of public policy, qualified, or good faith, immunity "gives ample room for mistaken judgments" by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Cross v. City of Des Moines*, 965 F.2d 629, 631 (8th Cir. 1992) (citing Hunter v. Bryant, 502 U.S. 224, 229 (1991)). Further, "Summary judgment should be granted on qualified immunity grounds 'if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact…violated clearly established law." *Griffin v. Lombardi*, 946 F.2d at 607 (8th Cir. 1991) (internal citation omitted). Plaintiff will be unable to bring forth any evidence showing a genuine issue of material fact because Defendant Precythe did not have requisite knowledge and did not violate clearly established law.

The Eighth Circuit has held that a qualified immunity determination relies on whether a defendant acted objectively in a reasonable manner and whether plaintiff's rights

10

Case 5:19-cv-06022-BP   Document 93   Filed 08/13/21   Page 10 of 12

were clearly established at the time of the alleged deprivation. At issue here is whether the specific context and facts of this case would put a reasonable official on notice that her conduct violated Plaintiff's clearly established Constitutional rights. *See* Saucier, 533 U.S. at 200-01.

In the case at issue, Plaintiff alleges that Defendant Precythe should have had notice of allegations against MDOC corrections officers through newspaper articles and the filing of lawsuits. Plaintiff does not know if Defendant Precythe was aware of any of Plaintiff's allegations against the other Defendants due to reading the newspaper (SUMF #25). Through sworn testimony, Defendant Precythe has established that she unequivocally relied on the appropriate staff within MDOC to handle investigations (SUMF #10), and pending litigation. Defendant Precythe is not made aware of whether MDOC investigations into inmate claims are substantiated or unsubstantiated (SUMF #15). Defendant Precythe could not have reasonably been expected to be put on notice, because Defendant Precythe did not have the requisite personal knowledge, and her personal conduct in her individual capacity did not violate Plaintiff's Constitutional rights. Summary judgment should be entered in Defendant's favor because Plaintiff's remaining claim is barred by qualified immunity.

WHEREFORE, Defendant Precythe respectfully requests that this Court grant Defendant's Motion for Summary Judgment as to Plaintiff's remaining claim against Defendant, and for such further relief as deemed just and proper.

Respectfully submitted,

**ERIC S. SCHMITT**

11
Case 5:19-cv-06022-BP   Document 93   Filed 08/13/21   Page 11 of 12

Missouri Attorney General

*/s/Courtney R. Chapin*
Courtney R. Chapin
Missouri Bar No. 64773
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
(573) 751-5571
(573) 751-9456 (fax)
Courtney.Chapin@ago.mo.gov

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via the ECF system, which sent notification to parties of record, on this 13th day of August, 2021.

/s/ Courtney R. Chapin
Assistant Attorney General

12
Case 5:19-cv-06022-BP   Document 93   Filed 08/13/21   Page 12 of 12