IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TERI DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 5:19-cv-06022-SRB |
| | ) |
| EDWARD BEARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSING SUGGESTIONS IN RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS**

Plaintiff Teri Dean, by and through her undersigned counsel, hereby submits her Opposing Suggestions in Response to Defendants Edward Bearden, Elijah Mosier, and Todd Mustain's Motion to Exclude Expert Opinions.

**I.   INTRODUCTION**

Under Fed. R. Evid. 702, expert testimony should be liberally admitted. Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 562 (8th Cir. 2014) (*citing* U.S. v. Finch, 630 F.3d 1057, 1062 (8th Cir. 2011) (holding that doubts about usefulness of expert testimony are resolved in favor of admissibility)); Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006) (holding that expert testimony should be admitted if it "advances the trier of fact's understanding to any degree" and that "…the rejection of expert testimony is the exception rather than the rule."; Lauzon v. Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001) (Rule 702 "clearly is one of admissibility rather than exclusion"). "As long as the expert's ... testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." Id. (*citing* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 596 (1993).

Here, Defendants Edward Bearden, Elijah Mosier, and Todd Mustain ("Defendants") seek to preclude Plaintiff's experts, Dr. Dora Schriro and Dr. Melissa Piasecki ("Plaintiff's experts"), from offering opinions in this case. The claimed basis for Defendants' motion is that Plaintiff's experts should be precluded from offering any opinions in this case because the expert testimony does not meet the requirements under Federal Rule of Evidence 702, specifically that their testimony would not assist or be helpful to the trier of fact. Docs. 88, 89. As laid out more fully below, Defendants' argument is untenable. Defendants' motion should be denied.

## II. FACTUAL BACKGROUND

The qualifications and proffered testimony of Plaintiff's expert witnesses are summarized as follows:

**Dr. Dora Schriro, Ph.D.** Dr. Schriro is the former director of the Missouri Department of Corrections and an expert on the complexities of the bureaucratic structure, a hierarchical formation that is far from easily understandable to a jury. Dr. Schriro is qualified to discuss the conditions of confinement to which Ms. Dean was subjected as an inmate during her incarceration at Chillicothe Correctional Center, specifically including Ms. Dean being the subject of sexual abuse and harassment by various correctional officers who had the means and opportunity to repeatedly abuse Ms. Dean, because of the officer's knowledge regarding: the location of the facility's cameras, absence of cameras at the facility, the lack of follow-through when assaults were actually reported (which was rare), traffic times in the facility and the facility being short staffed.

Given her qualifications and experience, and in accordance with the evidence in this case derived from PREA reports and testimony from several fact witnesses, Dr. Schriro will provide testimony about the actions, or lack of action, by the Missouri Department of Corrections ("the

Department") officials – including but not limited to Director Anne Precythe – and contract employees in allowing Ms. Dean to repeatedly be sexually assaulted and in failing to protect her at any time despite having the means and measures to do so. Dr. Schriro will also opine that the Department failed to act upon offenders' complaints of staff sexual abuse which caused offenders, including Ms. Dean, to suffer needlessly.

**Dr. Melissa Piasecki.** Dr. Piasecki is a forensic psychiatrist at the University of Nevada, Reno, and an expert on prison sexual trauma. Dr. Piasecki will provide testimony as to scientifically recognized emotional and psychological characteristics in sexually abused adults and describe those exhibited by Ms. Dean.

### III. <u>LEGAL ARGUMENT</u>

#### A. Expert Dr. Dora Schriro's opinions are relevant and will assist the jury in deciding the issues in this case.

Not surprisingly, Defendants do not directly challenge the qualifications of Plaintiff's expert Dr. Dora Schriro. It is evident that from her knowledge, skill and experience, she is eminently qualified and her opinion testimony will assist the jury in this case.

In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), the Supreme Court held:

> Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, cf. Hall 118 (cautioning against "confusing a mental state with the proof of its existence"), and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. Cf. LaFave & Scott § 3.7, p. 335 ("[I]f the risk is obvious, so that a reasonable man would realize it, we might well infer that [the defendant] did in fact realize it; but the inference cannot be conclusive, for we know that people are not always conscious of what reasonable people would be conscious of"). For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier

> of fact to find that the defendant-official had actual knowledge of the risk." Brief for Respondents 22.
>
> ...
>
> While the obviousness of a risk is not conclusive and a prison official may show that the obvious escaped him,…he would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist (as when a prison official is aware of a high probability of facts indicating that one prisoner has planned an attack on another but resists opportunities to obtain final confirmation; or when a prison official knows that some diseases are communicable and that a single needle is being used to administer flu shots to prisoners but refuses to listen to a subordinate who he strongly suspects will attempt to explain the associated risk of transmitting disease).

511 U.S. at 842-43 & n.8.

Inmate safety is one of the core issues in conditions of confinement cases and is frequently described as a basic human need. Being assaulted in prison is not one of the penalties that criminal offenders pay for their offenses against society. Prison officials have a duty to protect inmates from violence committed by officers and other inmates. Prison safety cases are sometimes referred to as "failure to protect" cases. The Eighth Amendment test governs safety issues. This test requires a plaintiff show that the harm or risk of harm is sufficiently serious and that prison officials knew about the harm or risk of harm and disregarded or were indifferent to that risk. As Farmer tells us, this analysis can be shown through circumstantial evidence.

Other Courts agree: "whether the conduct of prison officials is harmful enough to raise an Eighth Amendment issue is an "objective or legal determination." Bledaw v. Simpson, 1994 U.S. App. LEXIS 9398, at *2 (8th Cir. Feb. 14, 1994); Hickey v. Reeder, 12 F.3d 754, 756 (8th Cir. 1993) (*citing* Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)). Because such a determination is a legal rather than factual one, expert opinions may be "helpful and relevant" but "simply do not

establish the constitutional minima." Rhodes v. Chapman, 452 U.S. 337, 350 n. 13 (1980) (*citations omitted*).

Here, under the standard set in Farmer, it is evident that Dr. Schriro's opinion testimony will, in fact, help the jury with its determination of many issues in this case, including the question of whether the Defendants knew of the risk of offenders to repeatedly be sexually assaulted. Dr. Schriro's testimony is essential to a complete understanding of the facts and issues in this action. Accordingly, Dr. Schriro's opinions should not be barred in any form or fashion and certainly not at this juncture.[1]

Going further, Defendants in fact agree with Plaintiff's position as it relates to Dr. Schriro's fourth and fifth opinions. Defendants state Dr. Schriro's fourth and fifth opinions should ***not*** be excluded. Specifically, Defendants state, "if this Court dismisses the claims against Director Precythe, this Court should exclude Dr. Schriro's forth and fifth opinions…". Doc. 89, pp. 5-6. Conversely, if this Court does not dismiss Director Precythe, Dr. Schriro's fourth and fifth opinions should not be excluded. The allegations against Director Precythe are that she, as Director of the Department of Corrections of the State of Missouri, failed to protect Ms. Dean. There is a plethora of evidence in this case that indicates Director Precythe had knowledge of the sexual assaults occurring at Chillicothe Correctional Center and she, and the DOC in general, did nothing to stop it or change the system to protect the women incarcerated at Chillicothe Correctional Center.

Overall, Dr. Schriro's opinions should not be barred since they are relevant and will assist the jury with its determination of the complex issues in this case.

---

[1] Defendants may file Motions in Limine to limit the testimony of Plaintiff's experts; however, to bar their testimony in full is improper and not in accordance with the law which favors liberally allowing experts to testify. "The rejection of expert testimony is the exception rather than the rule…'[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" Committee Notes to the 2000 Amendments to Fed. R. Evid. 702 (*quoting* U.S. v. 14.38 Acres of Land Situated in Leflore Cnty., Miss., 80 F.3d 1074, 1078 (5th Cir. 1996)).

### B. Expert Dr. Melissa Piasecki's opinions are relevant and will assist the jury in deciding the issues in this case.

The mental and physical reactions of an adult sexual-assault victim may lie outside the common understanding of an average juror. United States v. Zephier, 989 F.3d 629, 635 (8th Cir. 2021) (*citing* State v. Obeta, 796 N.W.2d 282, 293 (Minn. 2011)). Dr. Piasecki's opinions will assist the jury in understanding behaviors of sexual-assault victims and evaluating the behaviors exhibited by Plaintiff.

Defendant argues that Dr. Piasecki's opinions invade the province of the jury because "she tells the jury what result to reach." Experts routinely base their opinions on assumptions that are necessarily at odds with their adversary's view of the evidence. Richman v. Sheahan, 415 F. Supp. 2d 929, 942 (N.D. Ill. 2006) (*citing* TK-7 Corp. v. Estate of Barbouti, 993 F.2d 722 (10th Cir. 1993); International Adhesive Coating Co. v. Bolton Emerson International, 851 F.2d 540, 546 (1st Cir. 1988). However, that does not mean that the expert has made impermissible credibility determinations that preclude them from testifying. Id. The expert's opinions necessarily must be based on someone's version of the incident. Id.

Additionally, the jury is entitled to hear an expert's testimony and decide whether it should accept or reject that testimony after considering all factors that weigh on credibility, including whether the predicate facts on which the expert relied are accurate. Pipitone v. Biomatrix, Inc., 288 F.3d 239, 250 (5th Cir. 2002). Instructions, long used in the federal courts, will tell the jury that they alone determine the weight to be given the experts' opinions, and that they alone determine the credibility of the witnesses on whose version of events the opinions are based. Richman, 415 F. Supp. 2d at 949. Cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking such evidence. *See* Daubert, 509 U.S. 579 at 596.

For these reasons, Dr. Piasecki's opinions should not be barred since they are relevant and will assist the jury with its determination of issues in the case that lie outside the common understanding of the average juror.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff requests this Court deny Defendants' Motion to Exclude Expert Opinions. In the event the Court considers granting Defendants' Motion to Exclude, Plaintiff respectfully requests a hearing.

Respectfully submitted,

/s/ Jenifer C. Snow
Jenifer C. Snow, Mo. #67345
The Law Offices of Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, Missouri 63143
(314) 471-2032 fax: (314) 485-2345
jsnow@jmsllc.com

and

John. J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

*Attorneys for Plaintiff Teri Dean*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, a copy of the foregoing was filed via the Court's electronic filing system, which sent electronic notification to all counsel of record.

/s/ Jenifer C. Snow