IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TERI DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:19-cv-06022-SRB |
| | ) | |
| EDWARD BEARDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Reply Suggestions in Support of Defendants'**
**<u>Motion to Exclude Expert Opinions</u>**

Defendants Edward Bearden, Elijah Mosier, and Todd Mustain, seek to exclude expert testimony that will not "assist or be helpful to the trier of fact." *Lee v. Andersen*, 616 F.3d 803, 808 (8th Cir. 2010). None of Dr. Dora Schriro's testimony will be helpful to the jury in evaluating the claims against Bearden, Mosier, and Mustain. And portions of Dr. Melissa Piasecki's testimony tell the jury what result to reach. Those portions will also not be helpful to the jury in evaluating the claims against Bearden, Mosier, and Mustain. The Court should grant these defendants motion to exclude expert opinions.

**I.     Dr. Schriro**

Dr. Schriro's testimony will not assist the jury in evaluating Dean's sexual assault claims against these defendants. Dr. Schriro's opinions that

1

relate to that question tell the jury what result to reach. She merely opines that Dean's allegations are credible. It is the duty of the trier of fact to assess witness credibility. *Sanders v. Studdard*, 2014 WL3487145, at *6 (W.D. Mo. 2014) (unpublished); *see also, Sloan v. Long*, 2018 WL1243664, at *4 (E.D. Mo. 2018) (unpublished). Other opinions are "within the jury's knowledge or experience." *Lee*, 616 F.3d. at 809 *quoting United States v. Areenal*, 768 F.2d 263, 269 (8th Cir. 1985). Dean does not address how Dr. Schriro's first, second, and third opinions meet the requirements of Rule 702. The Court should strike those opinions.

Dean discusses the standard in *Farmer v. Brennan*, 511 U.S. 825 (1994), and argues that Dr. Schriro's testimony will assist the jury with "the question of whether the Defendants knew of the risk of offenders to repeatedly be sexually assaulted." Pl.'s Sugg. in Opp. at 5. But that is not a question that the jury must determine for these defendants. The question the jury must determine for these defendants is whether they sexually assaulted Dean. Ultimately, any relevance of Dr. Schriro's testimony is based on the claim against Director Anne Precythe for failure to protect. Dr. Schriro's fourth and fifth opinions may address that issue. If the Court dismisses the

2

claims against Precythe, however, Dr. Schriro's fourth and fifth opinions are not relevant to the claims that these defendants sexually assaulted Dean.[1]

The Court should exclude Dr. Schriro's expert opinions, because her opinions will not assist or help the trier of fact understand the evidence or determine a fact in issue in this case. As such, her opinions are not admissible under Rule 702.

## II. Dr. Piasecki

Dr. Piasecki's opinions in Findings 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 tell the jury what result to reach, *i.e.,* that the jury should find Dean credible. Dean argues that experts routinely base their opinions on assumptions. But that is not what Dr. Piasecki did. She testified that she was not asked by Dean to make any assumptions. Dr. Piasecki did not assume that Dean's allegations were credible. Instead, she testified that she found Dean credible. She made findings that she considered opinions because in her opinion Dean's claims were credible. That is what is impermissible. It is the duty of the trier of fact to assess witness credibility. *Sanders*, 2014 WL3487145, at \*6; *see also, Sloan*, 2018 WL1243664, at \*4. Dr. Piasecki's opinions invade the province of the jury. She tells the jury what result to

---

[1] Defendants disagree that "a plethora of evidence indicates Director Precythe had knowledge of the sexual assaults" as these defendant have denied and continue to deny that any sexual assaults occurred. Generally allegations in a lawsuit that are denied are not sufficient to confer knowledge, and nothing suggests those allegations showed a substantial risk to Dean.

3

reach. Her opinions in her report at III. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 should be excluded.

### III. Conclusion

For these reasons, Defendants Edward Bearden, Elijah Mosier, and Todd Mustain ask this Court to exclude the expert opinions of Dr. Dora Schriro and certain expert opinions of Dr. Melissa Piasecki and for such further relief as the Court deems just and proper.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Defendants Bearden, Mosier, and Mustain*

## **Certificate of Service**

I hereby certify that on August 31, 2021, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Nicolas Taulbee*
Assistant Attorney General
