IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TERI L. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-6022-SRB |
| | ) | |
| EDWARD BEARDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Edward Bearden, Elijah Mosier, and Todd Mustain's Motion to Exclude Expert Opinions. (Doc. #88.) For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Plaintiff Teri Dean ("Plaintiff") alleges she was harassed, abused, and sexually assaulted by Corrections Officer Defendants Edward Bearden ("Bearden"), Elijah Mosier ("Mosier"), Todd Mustain ("Mustain") and Kevin L. Reed ("Reed") (collectively, "Corrections Officer Defendants") repeatedly and throughout her incarceration at the Chillicothe Correctional Center between June 2012 and October 2018. Plaintiff alleges widespread sexual abuse occurred at the prison during the time she was incarcerated and after she was moved to a different facility. Plaintiff alleges Defendant Anne Precythe ("Precythe"), the Director of the Missouri Department of Corrections ("MDOC") knew or should have known of the sexual assaults against Plaintiff and did nothing to prevent or stop the attacks.

Plaintiff's remaining claims in this case are: four 42 U.S.C. § 1983 claims against each individual Corrections Officer Defendant alleging that the sexual misconduct violated Plaintiff's

Eighth Amendment rights (Counts I – IV); a § 1983 claim against Precythe in her individual capacity for facilitation of Corrections Officer Defendants' misconduct in violation of the Eighth Amendment (Count V); negligence against Corrections Officer Defendants (Count VI); and assault, battery, negligence per se, and intentional infliction of emotional distress claims against each individual Corrections Officer Defendant (Counts VII – XXII).

Bearden, Mosier, and Mustain (the "Moving Defendants") now move to exclude the opinions offered by two of Plaintiff's experts, Dr. Dora Schriro and Dr. Melissa Piasecki. Moving Defendants argue that these expert opinions are not admissible under Federal Rule of Evidence 702. Plaintiff opposes the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admission of expert testimony. *See* Fed. R. Evid. 702; *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides that a "witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if:

> (a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d).

To fulfill its "gatekeeping" role, a court faced with a proffer of expert testimony must determine at the outset whether the evidence "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). *Daubert* emphasized that the inquiry required by Rule 702 is intended to be flexible. *Id.* at 594. "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

2

Due to the liberalization of expert testimony admission standards signaled by *Daubert* and its progeny, and the codification of this trend in Rule 702, the Eighth Circuit has held that expert testimony should be liberally admitted. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) ("*Daubert* and Rule 702 thus greatly liberalized what had been the strict . . . standards for admission of expert scientific testimony."). As long as the expert testimony "rests upon good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Johnson*, 754 F.3d at 562 (citations and quotations omitted). The exclusion of expert testimony is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury[.]" *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (citations and quotations omitted).

### III. DISCUSSION

#### A. Dr. Dora Schriro's Opinions

Moving Defendants request each opinion of Dr. Schriro, the former Director of the MDOC, be excluded. In response, Plaintiff summarily argues that Dr. Schriro's opinions will help the jury determine whether Plaintiff was subjected to a sufficiently serious harm or risk of harm and whether prison officials were indifferent to that risk. Each opinion and Moving Defendants' corresponding arguments are addressed in turn.

##### 1. Opinion I and Opinion II

Dr. Schriro's first two opinions are:

I    Teri Dean's reporting of staff-on-inmate sexual abuse by CO Edward Bearden, COII Elijah Mosier, CO Todd Mustain, and CO Kevin Reed during her incarceration at the Chillicothe Correctional Center is supported by the facts. ["Opinion I"]

3

Case 5:19-cv-06022-SRB   Document 106   Filed 09/07/21   Page 3 of 8

> II Teri Dean's reporting of retaliation by department staff at the Chillicothe Correctional Center and the Women's Eastern Reception, Diagnostic and Correctional Center for litigating sexual abuse by CO Edward Bearden, COII Elijah Mosier, CO Todd Mustain, and CO Kevin Reed, is also supported by the facts. ["Opinion II"]

(Doc. #104-2, p. 4.) Moving Defendants argue Opinion I and Opinion II "merely tell[] the jury what result to reach. . . . She is making credibility determinations[.]" (Doc. #89, p. 4.) Upon review of Dr. Schriro's report, the Court, in part, agrees with Moving Defendants.

To the extent Dr. Schriro intends to testify Plaintiff's allegations of sexual misconduct are true, the Court finds the testimony inadmissible. "Opinions that merely tell the jury what result to reach are not admissible." *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010). Dr. Schriro's recitation of Plaintiff's facts essentially state that Plaintiff's claims are credible. However, "questions of credibility are for the trier of fact to decide[.]" *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003). Dr. Schriro may not testify to Plaintiff's version of the facts of this case as if they are her expert findings.

However, Dr. Schriro may opine regarding the policies and procedures which should have been followed when Plaintiff reported Corrections Officer Defendants' sexual misconduct. In her report, Dr. Schriro discusses the MDOC Procedure Manual, including the procedures to follow when an inmate reports sexual abuse. For example, Dr. Schriro opines that "[i]f the possibility of retaliation is suggested, the PREA [the Prison Rape Elimination Act] site coordinator will act promptly to remedy such retaliation" and that these procedures were not followed. (Doc. #104-2, p. 15.) The Court finds this testimony will help the jury understand MDOC's procedures and whether they were followed. This expert opinion will also assist the jury in determining whether Plaintiff was subjected to a sufficiently serious risk of harm and prison officials' knowledge of and response to that harm. *See Farmer v. Brennan*, 511 U.S. 825,

4

842 (1994) (holding "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious . . . . [The prison official does not] escape liability if the evidence showed that he merely refused to verify underlying facts[.]"). Dr. Schriro may opine regarding the policies and procedures which should have been followed when Plaintiff reported Corrections Officer Defendants' sexual misconduct.

### 2. Opinion III

Dr. Schriro's third opinion states:

> III   CO Bearden, COII Mosier, CO Mustain, and CO Reed had the means and opportunity to repeatedly sexually abuse Teri Dean and they caused her to suffer physical and emotional injury. ["Opinion III"]

(Doc. #104-2, p. 4.) Moving Defendants argue Opinion III improperly concludes that the Corrections Officer Defendants caused Plaintiff to suffer an injury, the opinion has no support in the information that Dr. Schriro relied on, the opinion makes legal conclusions, and part of Dr. Schriro's opinion is within the jury's knowledge and experience and therefore is not helpful. Upon review, the Court agrees, in part, with Moving Defendants.

To the extent Dr. Schriro intends to testify that Corrections Officer Defendants did in fact cause Plaintiff to suffer physical and emotional injury, the Court agrees with Moving Defendants that "[Dr. Schriro] . . . tells the jury what result to reach[.]" (Doc. #89, p. 5.) For example, Dr. Schriro opines "Reed took advantage of their work schedules; he assaulted [Plaintiff] in the pre-dawn hours when staffing was its lowest level[.]" (Doc. #104-2, p. 19.) The Court finds this opinion and similar ones merely assert that Corrections Officer Defendants actually assaulted Plaintiff. For reasons previously stated, testifying that Plaintiff and her claims are credible invade the jury's fact-finding role and therefore are inadmissible.[1]

---

[1] Moving Defendants also argue that "[n]o evidence exists that Dr. Schriro is qualified to opine on any alleged injury that [Plaintiff] may have suffered." (Doc. #89, pp. 4-5.) Upon review of Dr. Schriro's qualification, she states, "Earlier

5

Case 5:19-cv-06022-SRB   Document 106   Filed 09/07/21   Page 5 of 8

To the extent Dr. Schriro intends to testify that, based on her extensive knowledge of correctional facilities and their policies, Corrections Officer Defendants would have the means and opportunity to sexually abuse Plaintiff is admissible. This opinion will provide evidence of the conditions of Plaintiff's incarceration and will assist the jury in determining whether Plaintiff was subjected to an obvious substantial risk of harm.

### 3. Opinion IV and Opinion V

Dr. Schriro's fourth and fifth opinions state:

IV  The Missouri Department of Corrections failed to provide the protection owed Teri Dean, an offender in the state's custody. ["Opinion IV"]

V  The failure of Missouri Department of Corrections and its agents to adequately assess and act upon offenders' complaints of staff sexual abuse caused them to suffer needlessly. ["Opinion V"]

(Doc. #104-2, p. 4.) Moving Defendants argue these opinions "may be relevant to the claims against [] Precythe, but they are not relevant to [Plaintiff's] claims against [Corrections Officer Defendants.]" (Doc. #89, p. 5.) Moving Defendants argue if Precythe's pending motion for summary judgment is granted, then the Court should exclude Opinions IV and V. Plaintiff argues that "if this Court does not dismiss Director Precythe, Dr. Schriro's fourth and fifth opinions should not be excluded." (Doc. #102, p. 5.) The Court finds the parties agree that Opinion IV and Opinion V are admissible so long as the claim against Precythe remains in this case. The Court notes that Precythe's summary judgment motion is still pending and not yet ripe for ruling. In turn, Moving Defendants' motion is denied without prejudice. However, should

---

in my career, I was Executive Director of the Bergen County Planned Parenthood affiliate in Hackensack, New Jersey. Among the services that affiliate provided were medical care and counseling to victims of sexual assault." (Doc. #104-2, p. 1.) Because the Court finds Dr. Schriro's testimony on this point is inadmissible for other reasons, the Court need not address whether this experience sufficiently qualifies Dr. Schriro to testify to Plaintiff's injury.

the Court grant Precythe's summary judgment motion, Moving Defendants may reassert their arguments at trial should they find Opinion IV and Opinion V are no long relevant.

**B.  Dr. Melissa Piasecki**

Moving Defendants seek to exclude Dr. Piasecki's Findings 2 through 14 of her expert report.  These findings describe the sexual abuse Plaintiff was allegedly subjected to and the symptoms that Plaintiff allegedly suffers.  Moving Defendants seek to exclude these findings because, in part, they "detail [Plaintiff's] sexual assault allegations against [Corrections Officer Defendants] . . . and it is the duty of the trier of fact to assess witness credibility." (Doc. #89, p. 6.)  Plaintiff argues these findings should not be excluded because the mental and physical reactions of a sexual assault victim are outside the common understanding of an average jury, and that experts "routinely base their opinions on assumptions that are necessarily at odds with their adversary's view of the evidence." (Doc. #102, p. 6.)  Upon review, the Court agrees with Moving Defendants.

The Court finds that Dr. Piasecki's Findings 2 through 14 appear to be a recitation of Plaintiff's allegations, including how Corrections Officer Defendants abused Plaintiff and the symptoms she experiences.  While the Court agrees with Plaintiff that an expert may base their opinions on factual assumptions, Dr. Piasecki's report does not label these findings as such. Instead, Dr. Piasecki's report indicates that Findings 2 through 14 are "opinions" which "are held to a reasonable degree of medical and scientific certainty." (Doc. #104-3, p. 2.)  To the extent Dr. Piasecki intends to testify that it is her expert opinion that Plaintiff's allegations are true, that testimony is inadmissible.  As previously discussed, ultimately it is the jury's role to determine whether Plaintiff's claims are credible.  Moving Defendants' motion on this point is thus granted.

## IV. CONCLUSION

Accordingly, Defendants Edward Bearden, Elijah Mosier, and Todd Mustain's Motion to Exclude Expert Opinions (Doc. #88) is GRANTED IN PART and DENIED IN PART. The Court hereby ORDERS the following:

(1) Regarding Dr. Schriro's Opinion I and Opinion II, she may not testify to Plaintiff's version of the facts of this case as if they are her expert findings. Dr. Schriro may opine regarding the policies and procedures which should have been followed when Plaintiff reported Corrections Officer Defendants' sexual misconduct.

(2) Regarding Dr. Schriro's Opinion III, may not testify that Corrections Officer Defendants did in fact cause Plaintiff to suffer physical and emotional injury.

(3) Regarding Dr. Schriro's Opinion IV and Opinion V, Moving Defendants' motion is DENIED WITHOUT PREJUDCE.

(4) Regarding Dr. Piasecki's Findings 2 through 14, she may not testify that it is her expert opinion that Plaintiff's allegations are true.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2021

8

Case 5:19-cv-06022-SRB   Document 106   Filed 09/07/21   Page 8 of 8