IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TERI DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:19-cv-06022-SRB |
| | ) | |
| EDWARD BEARDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### Defendants' Motions in Limine

Defendants Bearden, Mosier, Mustain, and Reed, move this Court to prohibit Plaintiff from mention, referring to, or attempting to convey to the jury any of the subjects listed below, and to prohibit any witness from testifying regarding the subjects listed below. Defendants further move the Court to instruct the witnesses not to mention, refer to, or attempt convey to the jury in any manner, either directly or indirectly, any of the subjects listed below during their testimony without first obtaining permission from the Court outside the presence of and hearing of the jury.

1. <u>Reference to the financial disparity of the parties or the sources of any award for damages. In particular, any testimony, statement, or reference to the "State of Missouri," the "Missouri Department of Corrections or MDOC," the "Attorney General's Office," the "State Legal Expense Fund ('LEF')," or similar references in a manner to</u>

1

    <u>suggest the financial disparity of the parties or the sources of payment for any award of damages.</u> The Court should not allow Plaintiff to suggest or imply that the State of Missouri or any other entity will indemnify Defendants in the event of any finding of liability or damages. Any such references are irrelevant, collateral, and unfairly prejudicial to Defendants, and would mislead and confuse the jury. Indeed, any probative value is substantially outweighed by the danger of unfair prejudice in that the jury may take LEF coverage information into consideration when assessing liability and damages. Evidence of these matters should be excluded. *See* Fed. R. Evid. 401 and 403; *see also Green v. Barron*, 879 F.2d 305, 310 (8th Cir. 1989) ("the court should not instruct the jury that the State of Iowa will indemnify the defendants. The instruction is extremely prejudicial.").

2. <u>Other alleged bad acts by non-party MDOC officials.</u> Defendants anticipate that Plaintiff will attempt to introduce evidence that current or former MDOC employees who are not parties to this lawsuit have violated her rights, mistreated her, violated MDOC policy, or otherwise dealt with her unfairly. She has alleged that several—mostly unnamed—individuals destroyed her property or otherwise "retaliated" against her for filing these lawsuits. No

evidence connects those allegations to these defendants. Indeed, as mentioned, many of the allegations are against unnamed individuals. Such evidence is irrelevant to the issue in this case under Rule 402. Even if it had some probative value, such value is far outweighed by the risk of prejudicing Defendants, confusing the issues, misleading the jury, causing undue delay, and necessitating the introduction of collateral or cumulative evidence. Fed. R. Evid. 403.

3. <u>Any evidence or testimony concerning other civil rights lawsuits, complaints, or internal grievances filed against Defendants or other employees of MDOC, if any, or any settlements or findings of liability therein.</u> Defendants anticipate that Plaintiff may seek to introduce evidence of other allegations of sexual assault that do not involve these Defendants. Defendants also anticipate that Plaintiff may seek to introduce evidence of other complaints against these individuals unrelated to the claims here. Such evidence is not relevant to any issue in this case and should be excluded under Rule 402. To the extent such evidence is otherwise relevant, it would be inadmissible under Rule 403 because its probative value is outweighed by its prejudicial effect and likelihood of confusing the issues and misleading the jury. Additionally, such evidence is

inadmissible under Rule 404(b), as evidence of other alleged wrongs to prove the character of a person in order to show conformity therewith.

4. <u>Any evidence concerning any disciplinary actions taken against any employees of the MDOC, if any, for any conduct of theirs that is unrelated to the events out of which Plaintiff's allegations arise.</u> Defendants anticipate that Plaintiff may seek to introduce evidence about discipline that Defendant Mosier received related to comments that he made to a subordinate and that Defendant Reed received related to comments that he made, which included a racial slur. Any such evidence is irrelevant to this action and is inadmissible under Rule 404(b). To whatever extent such evidence is relevant, any minimal relevance would be outweighed by its prejudicial effect and danger of confusing the jury. Therefore, it should be excluded under Rule 403. Additionally, any evidence concerning disciplinary actions taken against Defendants or any employees of MDOC is impermissible character evidence and should be excluded.

5. <u>Character evidence about the individual Defendants.</u> Defendants anticipate that Plaintiff or other former inmates may seek to testify about rumors about Defendants' reputations among the inmates at

Chillicothe Correctional Center. Any such evidence is irrelevant to this action and is inadmissible under Rule 404(b). To whatever extent such evidence is relevant, any minimal relevance would be outweighed by its prejudicial effect and danger of confusing the jury. Therefore, it should be excluded under Rule 403. Additionally, any evidence concerning these rumors is impermissible character evidence and should be excluded.

6. <u>Any suggestion by Plaintiff that she has lasting injuries from the alleged assaults.</u> Defendants expect Plaintiff will testify that her mental health issues worsened during her time at Chillicothe Correctional Center. The Court should bar Plaintiff from providing her own medical opinion regarding the effects of these alleged assaults. *See Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) ("When an injury is sophisticated, proof of causation generally must be established by expert testimony." *citing Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 120 (8th Cir. 2000)).

7. <u>Unqualified lay testimony offered by Plaintiff concerning any medical diagnosis or prognosis of any alleged medical condition and causation.</u> Plaintiff may attempt to offer her own unqualified medical testimony that the alleged assaults caused additional damage to her mental health. "Causation is an essential element of

5

a § 1983 cause of action." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Rule 701 limits lay testimony to that which is rationally based on the witness's perception. Lay testimony concerning a medical diagnosis or future prognosis associated with any physical damage is beyond the scope of testimony permissible under Rule 701. In addition, lay testimony concerning medical causation cannot be based on the personal knowledge of the witness, but must be supported by an expert opinion. *See* Fed. R. Evid. 602; *see also Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).

8. <u>Any testimony from Plaintiff or other inmates that unnamed inmates, who reported PREA violations, were put in administrative segregation.</u> Defendants anticipate that Plaintiff will testify that she did not report these allegations because she believed that she would be sent to administrative segregation. Plaintiff and other former inmates may also testify that inmates who complained of PREA violations were sent to administrative segregation. Plaintiff and the other inmates lack personal knowledge about why any inmate was sent to administrative segregation. None of these individuals claim that they were sent to administrative segregation based on a report of a PREA violation. Thus, they are not competent to testify about these issues under Fed. R. Evid. 602. Further, these individuals may

only hold these Defendants liable for their own conduct. No evidence supports that any of these Defendants sent any offender to administrative segregation for complaining about them. Plaintiff's and the other former inmates' testimony in this regard is not relevant to this case and should be excluded under Rule 402. If such evidence is deemed relevant, it is inadmissible under Rule 403, as its probative value is substantially outweighed by its prejudicial effect and danger of confusing the jury.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for Defendants Bearden,
Mosier, Mustain, and Reed*

7

Case 5:19-cv-06022-SRB   Document 110   Filed 09/10/21   Page 7 of 8

## Certificate of Service

I hereby certify that on September 10, 2021, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Nicolas Taulbee*
Assistant Attorney General
