IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TERI DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 5:19-cv-06022-SRB |
| | ) | |
| EDWARD BEARDEN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF TERI DEAN'S MOTIONS *IN LIMINE***

Plaintiff Teri Dean ("Plaintiff"), by and through her undersigned counsel, hereby moves this Court *in limine* to prevent Defendants Anne Precythe, Edward Bearden, Todd Mustain, Elijah Moiser and Kevin Reed ("Defendants") from presenting any evidence, testimony, argument, or other reference, either directly or indirectly, at the trial of this case, or from making any mention in voir dire or in the opening or closing statements of this case regarding the following matters:

   **1.   MOTION *IN LIMINE* NO. 1: ANY REFERENCE TO CRIMINAL CONVICTIONS OF PLAINTIFF OR ANY FACTS RELATED THERETO THAT ARE INCONSISTENT WITH THE MANDATES OF 404 AND 609.**

Plaintiff anticipates that Defendants will attempt to introduce evidence of her criminal convictions. Plaintiff's convictions are for conduct unrelated to her claims, irrelevant, and should therefore be excluded. FRE 401 - 402; United States v. Van Elsen, 652 F.3d 955, 962 (8th Cir. 2011). Plaintiff was convicted of drug possession in 2008 and of 2nd degree murder and tampering with physical evidence in 2014. The 2008 drug conviction should be excluded under Rule 609, which excludes evidence of prior convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." FRE 609. All of the convictions should also be excluded from evidence insofar as Defendants may seek to admit them

to prove an act in conformity with an alleged character trait. Rule 404 excludes evidence of a person's character or character trait to prove that an individual acted in conformity therewith, as well as "[e]vidence of a crime, wrong, or other act ... to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FRE 404. Finally, the prejudicial effect of evidence of Plaintiff's criminal convictions would substantially outweigh the probative value of such evidence. No conviction has any relevance to her claims in this case and should therefore be excluded. FRE 403; United States v. Roenigk, 810 F.2d 809, 816 (8th Cir. 1987). To the extent that the fact of such convictions is admitted for impeachment purposes, pursuant to FRE 609, such evidence shall be limited to the date of the conviction, the offense, and the sentence.

GRANTED: _____  DENIED: _____

  **2. MOTION *IN LIMINE* NO. 2: EVIDENCE OR ARGUMENT OF PLAINTIFF'S PRIOR ARRESTS, MISDEMEANORS, OR ORDINANCE VIOLATIONS.**

Evidence of Plaintiff's prior arrests, misdemeanor, or ordinance violations do not tend to make any fact of consequence to this action more or less probable than not. In Sanders-El v. Wencewicz, a 1983 action, defense counsel dramatically dropped a computer printout in front of the jury while cross-examining plaintiff about prior criminal convictions. 987 F.2d 483, 484 (8th Cir. 1993). The Eight Circuit found that "[t]he manifest intent of the conduct was to arouse prejudices of the jury by leading it to believe [plaintiff] had the conviction record of a veteran vocational criminal." Id. Counsel's conduct was considered prejudicial error and the trial court's denial of plaintiff's motion for a mistrial was an abuse of discretion. Id. at 485. See White v. McKinley, 605 F.3d 525, 537 (8th Cir. 2010) (court did not abuse its discretion in prohibiting evidence of prosecutor's investigation because admittance of the evidence would have created a

2

mini-trial on [plaintiff's] actual guilt, which is not the subject of a 1983 action). Any probative value regarding Plaintiff's prior arrests, misdemeanors, or ordinance violations is collateral, remote, lacks any probative value and is highly prejudicial.

GRANTED: _____  DENIED: _____

3. **MOTION *IN LIMINE* NO. 3: TESTIMONY OR ARGUMENT THAT MISSTATES THE STANDARD FOR DELIBERATE INDIFFERENCE, INCLUDING ANY TESTIMONY OR ARGUMENT THAT ANY DEFENDANT DID NOT KNOW THAT PLAINTIFF, OR ANY OTHER VICTIM, WAS BEING SEXUALLY ASSAULTED OR HARASSED.**

In Farmer v. Brennan, the Supreme Court held that deliberate indifferent "describes a state of mind more blameworthy than negligence" and "something less than acts or omissions…with knowledge that harm will result." Farmer, 511 U.S. 825, 833 (19994). All that is required is knowledge of the likelihood of the event happening. In this case, any argument by any Defendant that they did not know that Plaintiff, or any other victim, was being sexually assaulted would subtly but materially misstate the law. Such argument wrongfully implies that Plaintiff must show that the Defendants acted or failed to act with actual knowledge that the assaults were happening or would happen. Because such misstatements of the law will do nothing more than confuse the jury and are not likely to be cured by an instruction from the Court, Plaintiff respectfully moves *in limine* to bar testimony or argument that Defendants did not know the assaults were happening or would happen.

GRANTED: _____  DENIED: _____

4. **MOTION IN LIMINE NO. 4: OPINIONS BY DEFENDANTS' NON-RETAINED EXPERT, JAMES HURLEY, THAT EXCEEDS THE SCOPE ALLOWED PURSUANT TO THE COURT'S RULING ON MARCH 2, 2021.**

The Parties in this case disputed whether Mr. Hurley was a retained or non-retained expert and therefore if a report was required by him. Sparking from that dispute is the limited scope of Mr. Hurley's opinions that are allowed in this case, which the Court held were limited to the

opinions contained in Defendants' expert disclosure: "It is Mr. Hurley's opinion that the facts asserted in Dr. Schriro's report fail to support several of its conclusions, including Dr. Schriro's findings that 1) Prison Rape Elimination Act (PREA)policies did little to affect staff conduct or inform offenders of their rights under PREA; and 2) Defendant officers had a heightened awareness of the prison facility's security systems, its staffing levels, and of ways to circumvent PREA policies." Mr. Hurley's testimony at trial should be limited to this and he should be prohibited from offering any other opinions whatsoever.

GRANTED: _____  DENIED: _____

5. **MOTION *IN LIMINE* NO. 5: OPINIONS BY DEFENDANTS' NON-RETAINED EXPERT, JAMES HURLEY, SPECIFICALLY RELATING TO THE LOCATION AND CONDITION OF SECURITY CAMERAS IN PLACE AT THE CHILLICOTHE CORRECTIONAL CENTER.**

Mr. Hurley was not at the Chillicothe Correctional Center between 2011 and 2018, the relevant timeframe at issue in this case. He therefore has no direct knowledge of the camera whereabouts at the facility during that timeframe. Hurley Depo. 12:17-24; 44:22-25. He should be barred from testifying about any measures the facility took regarding surveillance.

GRANTED: _____  DENIED: _____

6. **MOTION *IN LIMINE* NO. 6: OPINIONS BY DEFENDANTS' NON-RETAINED EXPERT, JAMES HURLEY, RELATING TO PREA AND ITS EFFECT ON STAFF AND OFFENDERS AT THE CHILLICOTHE CORRECTIONAL CENTER SPECIFICALLY.**

Mr. Hurley testified during his March 18, 2021, deposition that when PREA was enacted, it impacted MODOC as a whole; however, Mr. Hurley definitely testified he could not offer opinions as to how PREA impacted the staff and offenders at Chillicothe specifically. Hurley Depo. 34:5-36:1; 37:12-15. Mr. Hurley should be prohibited from offering any opinions on how PREA affected the day-to-day happenings/investigations at Chillicothe Correctional Center.

GRANTED: _____    DENIED: _____

7. **MOTION *IN LIMINE* NO. 7: ANY AND ALL EVIDENCE, INCLUDING TESTIMONY, AS TO UNRELATED VIOLATIONS AND SANCTIONS IMPOSED ON MS. DEAN DURING HER INCARCERATION AT THE MISSOURI DEPARTMENT OF CORRECTIONS.**

Any sanctions and/or violations imposed on Ms. Dean amount to uncharged and unrelated bad conduct that would be offered solely for the purpose of character evidence. None are related, directly or indirectly, to any issue of fact or law at issue in this case. Additionally, the probative value of these allegations of misconduct and sanctions have little to no probative value and the prejudice created by their introduction greatly outweighs the probative value. "Unfair prejudice (under Rule 403) means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." U.S. v. Dennis, 625 F.2d 782, 796 (8th Cir. 1980). If there is less prejudicial evidence that can equally prove the fact of consequence, the district court then should discount the probative value of the objected evidence. Old Chief v. U.S., 519 U.S. 172, 183 (1997). *See also* Grose v. Nissan North America, Inc., 50 S.W. 3d 825, 833 (Mo. App. 2001) ("When the need for the evidence is low and when alternative means to present the evidence exist, then prejudice to an opponent can be said to be 'unfair' when the proponent of evidence could prove the fact by other, non-prejudicial evidence."). Any and all evidence, including testimony, as to unrelated violations and sanctions imposed on Ms. Dean during her incarceration at the Missouri Department of Corrections should be excluded.

GRANTED: _____    DENIED: _____

8. **MOTION *IN LIMINE* NO. 8: EVIDENCE OR ARGUMENT OF PLAINTIFF'S DRUG AND ALCOHOL USE AND/OR ADDICTION BECAUSE IT IS HIGHLY PREJUDICIAL, INFLAMMATORY, INCITES IMPROPER SPECULATION AND CONJECTURE BY THE FACT FINDER, AND IS IRRELEVANT TO ANY FACT OF CONSEQUENCE IN THIS CASE.**

The only purpose of introducing this evidence is to slander Plaintiff. These topics and issues are irrelevant, and unfairly prejudicial. This highly prejudicial and inflammatory evidence must be excluded under Fed. R. Evid. 403.

GRANTED: _____   DENIED: _____

9. **MOTION *IN LIMINE* NO. 9: EVIDENCE OF GENERAL GOOD CHARACTER OF THE DEFENDANTS IN THIS CASE, INCLUDING BUT NOT LIMITED TO FAMILY RELATIONSHIPS, RELIGIOUS PARTICIPATION, AND CIVIC PARTICIPATION.**

These matters are presented merely to bolster the character of the Defendants and have no probative value.

GRANTED: _____   DENIED: _____

Respectfully submitted,

/s/ Jenifer C. Snow
Jenifer C. Snow, Mo. #67345
The Law Offices of Joan M. Swartz
3348 Greenwood Blvd.
St. Louis, Missouri 63143
(314) 471-2032, fax 314-485-2345
jsnow@jmsllc.com

and

John J. Ammann, Mo. #34308
Brendan D. Roediger, Mo. #60585
Susan McGraugh, Mo. #37430
Saint Louis University Legal Clinic
100 North Tucker
St. Louis, Mo. 63101
314-977-2778 fax: 314-977-1180
john.ammann@slu.edu
brendan.roediger@slu.edu
susan.mcgraugh@slu.edu

***Attorneys for Plaintiff Teri Dean***

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all counsel of record this 10th day of September 2021.

                                        /s/ Jenifer C. Snow